## MALANEY & BLAKEY *v.* LESLIE TAFT.

*Bailment.   Negligence.   Burden of Proof.   Trover.   Action on the Case.*

1.   In an action on the case for negligence against the bailee of a horse for hire, the burden is on the plaintiff throughout the trial to prove negligence; and it is not shifted by merely showing that the horse was sound when delivered to the bailee, and when returned, that it was injured in a way that does not ordinarily occur without negligence.

2.   The rule that prevails in an action of trover as to the liability of a bailee, who violates the contract of bailment, does not apply in an action on the case for negligence.   Thus, in an action for immoderate driving and improper care of the plaintiffs' horse where his evidence tended to show that the defendant drove a greater distance than he engaged for, and that the horse was sound when taken by the defendant, but injured when returned, it was *held*, that there was no error in the charge of the court, that the gist of the action was negligence, and that there could be no recovery, unless the jury found that the horse was injured by improper use, care, or driving.

ACTION on the case for negligence in improper using and immoderate driving of the plaintiffs' hired horse.   Trial by jury, April Term, 1887, ROWELL, J., presiding.   Verdict for the defendant.

The plaintiffs asked the court to instruct the jury :

1st.   " That if the jury find that defendant used said horse for a different purpose or to perform a longer journey than that for which it was hired, then the defendant takes upon himself the risk of all accidents or disabilities which may befall the property hired, and must make all damages good to the plaintiffs."

2d.   " That when property in the exclusive possession of the bailee for hire is injured in a way that does not ordinarily occur without negligence, as the plaintiffs' evidence tends to

show in this case, then the burden of proof is upon the bailee to show that it was not occasioned by his negligence."

3d.  " If the jury find that the defendant drove said horse beyond the limits of the bailment, this fact alone renders him liable for all damages sustained by the plaintiffs."

The court refused to charge as above requested, but did charge on the first request as follows :

" 1.  Upon the declaration as drawn, the gist of this action is negligence on the part of the defendant.   And unless you find that the horse was injured by improper use, management, driving or care by the defendant, the plaintiff cannot recover."

" 2d.  Now, although it may be true that if he went outside of the bailment and anything happened to the horse, although without his fault, he would be liable ; yet, the plaintiffs cannot avail themselves of that in this action, because they have not properly declared in the declaration, and their case must be tried upon the issue that is there set forth.

" They do not declare and say that by reason of driving outside of the bailment any damage was done to this horse ; they simply describe the journey, and state that part of it was outside of the bailment ; and then say that in the performance of that whole journey, all around, by reason of immoderate and improper driving and usage of the horse, it was injured.   So that is the question.

" If you find that the defendant immoderately drove the horse, or negligently and improperly and carelessly fed and watered and looked after it, whether within or without the terms of the bailment, and by means thereof the horse was injured and damaged, then the plaintiffs are entitled to recover. To entitle the plaintiffs to recover, you must find that the condition of the horse (whatever it was that the horse exhibited on his return by the defendant) was occasioned by some improper driving or some improper care in the management of the horse while he had it in his possession."

And on the second request the court charged as follows, to wit :

"If you find that the horse was in a different condition from what it was when the defendant took it, then it will devolve upon you to determine how it came to be in that condition, whether or not it was in that condition by reason of any improper driving or treatment of it by the defendant.

"The court cannot say to you—the law cannot say to you—that if the horse did come in changed in condition as the testimony on the part of the plaintiffs tends to show, that therefore the plaintiffs are entitled to recover, unless the defendant accounts for that condition, that is a question for you to decide."

*M. H. Alexander* and *L. F. Wilbur*, for the plaintiffs.

If the defendant departed from his contract of bailment, he would be liable to the same extent as if he had taken the horse without permission. *Towne* v. *Wiley*, 23 Vt. 355. The court should have complied with the plaintiffs' second request. 3 Wait Act. & Def. p. 620; *Logan* v. *Matthews*, 6 Penn. St. 417; *Collins* v. *Bennett*, 46 N. Y. 490; *Brown* v. *Waterman*, 10 Cush. 117; Shear. & Redf. Neg. s. 13, 220; *Georgia R. Co.* v. *Willis*, 28 Ga. 317; *McDaniels* v. *Robinson*, 26 Vt. 316; *Rowell* v. *Fuller's Estate*, 59 Vt. 688.

The plaintiffs were entitled to recover, when they proved that the horse was used outside the contract of bailment, or was injured in such unlawful use. 3 Wait Act. & Def. pp. 615, 618; *Schenck* v. *Strong*, 4 N. J. L. 87; *Homer* v. *Thwing*, 3 Peck. 492; *Lewis* v. *McAfee*, 32 Ga. 465; *Perham* v. *Coney*, 117 Mass. 102; *Lucus* v. *Trumbull*, 15 Gray 306.

It was a breach of contract, and the damages can be recovered in an action *ex contractu*, or on the case. 2 Chit. Pl. 337, 669; *Bright* v. *McKee*, 37 Vt. 161–164; *Dean* v. *McLean*, 48 Vt. 412; *Bank of Orange* v. *Brown*, 3 Wend. 158; 1 Chit. Pl. 132, 134, 135; *Sarjeant* v. *Blunt*, 16 Johns, 73; *Cairns & Lord* v. *Bleechers*, 12 Johns, 300; *Rotch & Hawes*, 12 Pick. 136.

*S. H. Davis*, for the defendant.

The charge of the court under the declaration was correct. The gist of the action was negligence, and the plaintiffs were bound to prove it. 1 Greenl. Ev. s. 80, p. 107; Story, Bailm. ss. 454, 457. It was incumbent on them to show that the horse was injured by the fault of the defendant. *Barrington* v. *Snyder*, 3 Barb. 380. Negligence is a question of fact to be found by the jury; and the burden is on the plaintiffs to prove it by a fair balance of testimony. Story, Bailm. ss. 213, 421; Edwards, Bailm. ss. 172, 399; Story, con. 451; 8 R. 630; 13 R. 387, 421; *Kemp* v. *Phillips*, 55 Vt. 99; *Selleck* v. *Wells, Fargo & Co.* 109 Mass. 542, 556; *Schmidt* v. *Blood*, 9 Wend. 269; *Maynad* v. *Buck*, 100 Mass. 40; *Stowe* v. *Bishop*, 58 Vt. 500; *Kennedy* v. *Morgan*, 57 Vt. 48; 2 Barb. 327; *Harsley* v. *Branch*, 1 Humph. 109; 2 Greenl. Ev. s. 231; *Dressler* v. *Davis*, 7 Wis. 527; *Edwards* v. *Carr*, 13 Gray, 234; *Holmes* v. *Watson*, 29 Penn. St. 457; *Shiphard* v. *Harlow*, 3 Allen, 176; *McCully* v. *Clark*, 40 Penn. St. 399; 8 Allen, 234.

The defendant was bound to use only ordinary care. 7 Cow. 499. The injury must have resulted exclusively from the wrong of the defendant. *Waters* v. *Weng*, 59 Penn. St. 211; 57 Penn. St. 374; 1 Hill. Torts, pp. 121, 126; 29 Me. 307; 2 Kent Com. (9th ed.) 791; *Harris* v. *Packwood*, 3 Taunt. 264; *Marsh* v. *Horn*, 3 B. & C. 322; 1 Par. Cont. 606. Want of ordinary care and skill must be shown, or the defendant is not liable. 117 Mass. 102.

The opinion of the court was delivered by

TAFT, J. There are two questions in this case:

I. The plaintiffs claimed on trial that they let the horse to be driven from Jericho to Hinesburgh and return; that the defendant, at Richmond, a point on the route, left the route and drove from Richmond to Huntington and back to Richmond. If the evidence satisfied the jury of this fact, and that he did so without the consent of the plaintiffs, the defendant

might have been liable in an action for trover. *Hart* v. *Skinner*, 16 Vt. 138; *Towne* v. *Wiley*, 23 Vt. 355. But this action is a case for improperly caring for, and ill-treating the horse. For all damages arising from such acts and neglects, wherever the horse was driven, the charge permitted a recovery. The plaintiffs, therefore, had an opportunity to recover all damages declared for. There was no error in the action of the court upon the first and third requests.

II. The second request of the plaintiffs to charge was :

" That when property in the exclusive possession of the bailee for hire is injured in a way that does not ordinarily occur without negligence, as the plaintiffs' evidence tends to show in this case, then the burden of proof is upon the bailee to show that it was not occasioned by his negligence."

It is conceded by the plaintiffs that the burden of proof in the first instance was upon them; that it was incumbent upon them to show that the injuries to the horse were occasioned by the negligence of the defendant: but they insist that they discharged that duty and relieved themselves of that burden by showing that the horse was delivered to the defendant in a sound condition and returned injured in a way that does not ordinarily occur without negligence. That having shown these facts the burden shifted and rested upon the bailee to show that the injury was not occasioned by his negligence. Whether they were entitled to have this request complied with depended upon the duty of the defendant in respect to the horse. The request may embody sound law had it been the defendant's duty to return the horse in the same condition in which he received it; but his duty was performed if, during the bailment he had exercised due care, and had been guilty of no neglect in his treatment of the horse. Had he been free from fault he was not liable although he might not have returned the horse at all. This being the measure of his duty, the burden was upon the plaintiffs to show negligence and rested upon them throughout the trial. The plaintiffs do not establish negligence by showing the facts stated in the request; the facts may have

been true and the defendant guiltless of any improper conduct in respect to the horse; the injuries may have arisen from some cause wholly disconnected with the care or use of the horse. However potent the facts tending to establish the defendant's guilt may be, there is no time during the trial that the plaintiffs are entitled to have them withdrawn from the consideration of the jury and a verdict ordered, upon a simple showing that the horse when returned was not in the condition it was in at the time of the bailment, as stated in the request. This case should be distinguished from those where the defendant is under an obligation to return or deliver property in the condition that it was in when he received it. In suits against common carriers, innkeepers, and perhaps some others, a different rule may apply.

The cases mainly relied upon by the plaintiffs do not aid them. *Collins* v. *Bennett*, 46 N. Y. 490, was an action of trover, and a conversion of the horse, as the court said, " was clearly proved and no question could therefore arise as to the burden of proof." The discussion by PECKHAM, J., of a question which he says was not in the case, is not law. The cases cited by him in support of his views are mainly those against common carriers and innkeepers. *Logan* v *Matthews*, 6 Pa. St. 417, is a case very similar to this in its facts; but the instructions of the trial court which were sustained, were: " When the bailee returned the property in a damaged condition and fails, either at the time or subsequently, to give any account of the matter in order to explain how it occurred, the law will authorize the presumption of negligence on his part. But when he gives an account, although it may be a general one, of the cause, and shows the occasion of the injury, it then devolves on the plaintiff to prove negligence, unskillfulness, or misconduct." We by no means concede this charge to be law, but if it is, the plaintiffs' case is not within it, as it does not appear that the defendant failed to give an account of his expedition, and " his testimony tended to deny and disprove every claim and contention of plaintiffs tending

Blakey v. Taft.

to fix any liability upon him," in which contingency, as the rule is laid down in that case, it devolved on the plaintiffs to show negligence. Neither is the case cited of *Rowell* v. *Fuller*, 59 Vt. 688, in point. That action was assumpsit to enforce a contract obligation to return notes on demand, if the defendant did not fulfill his contract, and failed to return the notes he was liable and the burden was upon him to show the cause of his failure if he wished to be relieved from it. We understand our ruling upon this question has always been the doctrine of the English courts, applied in some instances to common carriers. *Cooper* v. *Barton*, 3 Camp. 5, *note*, "was an action of assumpsit for not taking proper care of a horse hired by defendant of plaintiff. The plaintiff proved the hiring of the horse; that it was returned to him with his knees broken in consequence of a fall, whilst used by the defendant, and that the horse had before that time been often let out to hire, and had never fallen down. The plaintiff contended that this was a sufficient case to go to the jury, although he had given no evidence of negligence; because as he had shown that the horse was a good horse, and not in the habit of falling, it must be presumed that the fall was occasioned by negligence, and it was for the defendant to prove the contrary if he could. LeBlanc, J., however, said that the plaintiff must give *some* evidence of negligence; and as he had given none in this case the plaintiff must be nonsuited."

The same rule applies in case of a warehouseman whose duty it is to keep goods entrusted to him with due care. *Willett* v. *Rich* (Mass.), 2 New Eng. Rep. 672.

Bearing in mind the liability of the bailee in a case like the one at bar, there need be no difficulty in arriving at a correct result and reconciling the cases that apparently are in conflict.

Judgment affirmed. All concur.