## ACTION FOR LOSS OF GOODS STORED FOR HIRE.

Common Pleas Court of Franklin County.

CORA M. HECKLER v. THE COLUMBUS TRANSFER COMPANY.

Decided, November 5, 1914.

*Pleading—Where the Claim of a Bailor Rests Upon Contract—And the Defense is Based on Loss by Fire—Not Admissible to Allege Custom and Usage with Reference to Care Exercised by the Bailee —Burden of Proof Distinguished from Weight of Evidence.*

Where a bailor sues the bailee in contract on the bailment for loss of goods bailed, instead of in case for negligence, proof of failure of the bailee to deliver on demand, establishes a *prima facie* case of negligence, and places the burden on him to prove that he was ordinarily prudent.

*J. A. Allen,* for plaintiff.
*Gumble & Gumble,* contra.

KINKEAD, J.

This is an action for damages for the value of goods stored by plaintiff with defendant which were not returned on demand. The petition declares upon the contract of bailment and for the breach thereof for failure to deliver the same to plaintiff upon demand. In other words, the plaintiff has elected to sue in *assumpsit* instead of case. This is another striking illustration of the truth that the right of election is as important and essential under the code as formerly in order to properly adjust the rights of parties. The distinction is essential to decide the rights of parties.

Plaintiff alleges the delivery of the goods and the presentation of the receipt to the defendant, that the demand in writing was made for the delivery to plaintiff of all the goods stored in the warehouse of defendant, its refusal to deliver, and the value thereof.

Defendant admits the storage and demand for delivery. It alleges that it is engaged in the storage and warehouse business,

that the goods of plaintiff were totally destroyed by fire, the origin of which was unknown, but which was not occasioned by any act of negligence of defendant.

Defendant avers that it has been engaged in that business for more than twenty-five years at its place of business, that defendant had some goods of its own stored there which were likewise destroyed by said fire, and that there was stored with defendant at its aforesaid warehouse at the time of said fire, goods and chattels belonging to many and various other persons, similar to those claimed to have been stored by plaintiff, which were likewise destroyed by fire. That all of the goods and chattels so destroyed by fire of unknown origin was stored in the same place and in the same manner and attention as defendant had for nearly twenty-five years used, given and bestowed upon similar goods and chattels left with it for storage.

A motion is made by plaintiff to strike out all of the above affirmative matter set up by defendant, which presents important questions of procedure.

The cause of action is in *assumpsit*. A case is made by proof of ownership, delivery for hire to defendant, and failure on its part to deliver to the bailor on demand and the value of the property. The burden is thereupon placed upon the defendant bailee to affirmatively prove by a preponderance of the evidence that he was not guilty of negligence contributing to the cause of the loss by fire, being obligated to show that he has been ordinarily prudent.

In this case, for example, the question whether defendant was negligent is presented by allegations in the answer that defendant had some of its own goods stored in the same place and manner which were also destroyed by fire.

The burden is on defendant to overcome the *prima facie* proof of negligence, which is established by proof of failure to re-deliver the goods to the bailor upon his demand. See *Wintringham* v. *Hayes*, 144 N. Y., 1; *Higman* v. *Camody*, 112 Ala., 257 (57 Am. St., 33); Schouler B'lmts., Section 134.

The obligation of proof is different where the bailor founds his cause upon negligence than it is when it is in *assumpsit*, in which case the burden of proving loss by negligence of the bailee rests

upon the plaintiff in the first instance to show that the negligence of defendant caused the loss to plaintiff as part of his case. *Maloney* v. *Taft*, 60 Vt., 571 (6 Am. St., 135); *Lancaster Mills* v. *Cotton Press Co.*, 24 Am. St., 586.

But where the demand by the bailor rests upon the contract of bailment, as it does in the case at bar, proof of failure on the part of the bailee places the burden on him to prove that he was ordinarily prudent. See, also, *Woodruff* v. *Painter*, 150 Pa. St., 91 (30 Am. St., 786); *Mills* v. *Gilbreth*, 47 Mt., 320.

The answer of defendant in this case to which objection is made undertakes to comply with this rule by pleading facts which negative the *prima facie* case of negligence established by the proof of failure to re-deliver the goods upon demand. It is said that the bailee is presumed to have been negligent, and that the burden is on him to show the exercise of such care as was required by the bailment. *Cumins* v. *Wood*, 44 Ill., 416; *Funkhouser* v. *Wagner*, 62 Ill., 60; *Hawkins* v. *Haynes*, 71 Ga., 40.

In this case defendant claims to have exercised the same care of his own property as it did for that of plaintiff and others. And it is said:

"That the bailee has dealt with his property, and the bailor's in the same way, is a fact which may be always shown as an element in adjusting the standard of duty, and deciding the question of the performance, as well as a test of the bailee's good faith. On the proof of such a fact, a presumption of adequate diligence would ordinarily arise. 　*　*　* The desire to preserve one's own property from loss from any cause is, as a rule so universal, that the mind rests with satisfaction on the evidence which shows the same care of the bailed property which the bailee took to save his own.

A charge to this effect was held unobjectionable in *Bank* v. *Graham*, 79 Am. St., 106.

Of course it must be made to appear that the care used by the bailee was that ordinarily exercised in similar classes of bailments. This feature is not expressly stated in the answer although it may be inferred from the presumption which arises from the facts alleged. It would be better to expressly allege that ordinary care has been exercised.

Custom may be shown if alleged. 5 Cyc., 218; 47 Am. Rep., 284; 51 N. C., 368. It may be shown to qualify the liability of the bailee. *Kelton* v. *Taylor*, 11 Lea., 264 (47 Am. Rep., 284). But customary conduct of an individual is not custom in legal contemplation.

. The question of burden of proof is to be considered in arriving at a conclusion upon the question. It has recently been held by the court of last resort that where an answer by new matter attacks the consideration of a note sued upon, though the defendant first offers affirmative proof, the burden of proving the consideration rests throughout the whole case upon the plaintiff. *Ginn* v. *Dolan*, 81 O. S., 121.

This decision changes the law in respect to the burden of proof, and as so many decisions concededly have done, we think the court confuses the "burden of proof" with the "weight of the evidence." It had always been the rule that the burden of proof, that is the obligation of going forward with the evidence, was upon a defendant who alleges new matter constituting an affirmative defense. This right to have the burden of proof properly enforced is a valuable procedural right, infringement of which is prejudicial. When a defendant offers his proof, and the plaintiff offers countervailing proof, the weight of the evidence may shift from one side or the other. But if a defendant does not have a preponderance of the evidence to support his defense, or if it is evenly balanced he must fail in his defense. Carried to its logical conclusion in this case, if defendant does not show that it exercised ordinary care by a preponderance of evidence, then plaintiff is entitled to recover upon mere proof of ownership of goods, delivery in bailment to defendant and failure to re-deliver upon demand.

It might be urged that the rule of *Ginn* v. *Dolan*, *supra*, demands a different interpretation. In an action on a promissory note plaintiff may rest upon the presumption of consideration, or may offer some evidence to prove it. Want of consideration has always been considered new matter, the burden of proving which is on defendant, but the rule of burden is now changed.

In arriving at the conclusion in this case, the cases of *Ginn* v.

*Dolan,* 81 O. S., 121, *Klunk* v. *Railway,* 74 O. S., 125, are distinguished. They are to be regarded as the law in the cases which they cover, although the doctrine may seem to be an innovation in practice due to confusion of terms of procedural rights.

The claim of ordinary prudence is made in the answer. Proof of ownership, bailment, demand and failure to re-deliver makes out plaintiff's case. The burden is on plaintiff to make proof only of these facts. After this the burden is on the defendant of going forward with his evidence to prove his claim. He may prove how he stored his own goods and rest there on the presumption of due diligence thereby arising, or he may proceed further to establish by the weight of the evidence that he exercised reasonable care. The weight of the evidence may then shift as between plaintiff and defendant on the question of due diligence raised by the affirmative defense as to which the burden is on defendant.

All these considerations tend to show the propriety of not striking the matter out of the answer. So much of the answer as relates to the storage of goods of various other persons in a similar manner, and to the effect that the same manner of care and attention had been given the storage of such goods as had been given and bestowed upon similar goods and chattels left with defendant for nearly twenty-five years, is in the judgment of the court improper and should be stricken out. Custom and usage in the same line may sometimes be pleaded and proven. But the custom and usage of the defendant may not be shown because the sole question is whether it has exercised ordinary and reasonable care under the circumstances.

The motion is, therefore, overruled in part and sustained in part, as indicated by the opinion.