## WILLIAM COX *vs.* LEONARD STEVENS.

In the militia act, *stat.* of 1834, *ch.* 121, *correcting* and *revising* the roll, have the same meaning.

That act does not prescribe what terms shall be used in the caption of a company roll.

A company roll in the form issued by the Adjutant General, when such form does not depart from the requirements of law, is sufficient evidence of the enrolment of a private, whose name is borne thereon.

THIS was a writ of error, brought to reverse a judgment before a Justice of the Peace, in an action for a fine for neglect to appear at a company training, by the then plaintiff, as well as now plaintiff

in error, as clerk of a militia company in *Westbrook*. To show the enrolment of the defendant, the plaintiff produced a roll of the company, with the name of the defendant thereon, in the form provided by the Adjutant General of the State. The caption, or title of the roll, above the names, concluded thus, " as *corrected* on the first *Tuesday* of *May*, 1835," but the word revised, appeared only in the certificate of the clerk at the bottom, which was thus : — " The foregoing is the roll of the A. company, &c. as *revised* on the first *Tuesday* of *May*, 1835. Attest, *William Cox*, Clerk." The defendant proved, that the certificate of the clerk, on said roll, was not made until after the commencement of the suit. This roll was relied on, as evidence of the enrolment of the defendant in the company at that time. The Justice refused to admit said roll in evidence, because the word *revised* was not in the caption, and because the certificate of the clerk was not seasonably made, if under other circumstances it would have been evidence of the enrolment ; and rendered judgment for the defendant. This refusal of the Justice, with the general error, was assigned, as cause for the reversal of the judgment.

*Deblois*, for the plaintiff in error, cited the Militia law of 1834, *c.* 121, § 12, 21, and 50. After reading the language of these sections, he contended, that the paper produced and offered in evidence, being in conformity with the form issued by the Adjutant General, and in fact actually issued by him, is a good and sufficient roll ; and in the language of this Court, in *Sawtel* v. *Davis*, 5 *Greenl.* 438, " that forms thus furnished are to be considered as binding, as though they had been contained in the act itself; and it is the duty of all concerned to conform to them." The form thus furnished is all therefore that is required, and is conclusive evidence of the enrolment. He also argued, that the word corrected, as used in the statute, implies and contains the term revise ; and that the words of the statute, requiring the roll to be revised, are merely directory, and not necessary to be inserted in the caption, or any other part of the roll.

*Codman*, for the defendant in error, contended, that the only proof of the roll was from the clerk's certificate, and that a certificate made by the plaintiff, after he had commenced his suit, could

not enable him to maintain his action thereby. He said, there was a difference between correcting and revising a roll ; the former being the act of the captain and clerk, the latter of the clerk alone. This cannot be both, and therefore not sufficient, as both are required by the statute. The Adjutant General is directed to furnish forms, but the forms are to be such, as are conformable to law, and not such as supersede and repeal it. The case cited, *Sawtel* v. *Davis*, applies only to the forms then before the Court, which were according to law. The roll must be according to law, and is preliminary to the support of the action. Every thing required by law must be performed strictly. *Whitmore* v. *Sanborn*, 8 *Greenl.* 310 ; *Abbott* v. *Crawford*, 6 *Greenl.* 214 ; *Tripp* v. *Garey*, 7 *Greenl.* 266.

After a continuance, for advisement, the opinion of the Court was drawn up by

WESTON C. J. — The twelfth section of the militia act of 1834, directs, that the roll of the company shall be annually revised on the first *Tuesday* of *May*, and corrected from time to time, as the state of the company may require. The twenty-first section provides, that the company shall be paraded annually on the first *Tuesday* of *May*, among other things for the purpose of correcting the company roll ; and the fiftieth section authorizes the Adjutant General to furnish for the use of the officers of the militia, blank forms, which are to be uniform throughout the State.

The case finds, that the roll produced at the trial, corresponded with the form furnished by the Adjutant General. It purported to have been corrected on the first *Tuesday* of *May*. Comparing the twelfth and twenty-first sections together, it is manifest, that correcting and revising the roll on the first *Tuesday* of *May*, mean the same thing, in the sense in which these terms are used by the Legislature. The act does not prescribe what terms shall be used in the caption of a company roll. It charges the Adjutant General with the duty of issuing forms, which are to be uniform, with this limitation implied, that they do not depart from the requirements of law. And we are of opinion, that the form of a company roll, issued by him, is not liable to this objection. It was then competent evidence ; and should have been received by the Justice at

the trial. The error, therefore, founded upon its rejection by him, is well assigned.

*Judgment reversed.*