J. D. MARSHALL LIVERY COMPANY, Appellant, v. JAMES McKELVY, Respondent.

St. Louis Court of Appeals, November 21, 1893.

1. **Burden of Proof:** INSTRUCTIONS. The burden of proof is not affected by evidence of facts which establish a *prima facie* case. It remains the same throughout the case; and, notwithstanding such *prima facie* case, the jury may accordingly be instructed that it is on the party who has it at the outset.

2. **Negligence in Overdriving:** EXPERT EVIDENCE. The plaintiff sued herein for the death of a horse, alleged to have been caused by overdriving. He sought to establish this allegation by the opinion of an expert, and with that purpose put to the expert a hypothetical case, which substantially covered the facts shown in evidence, with the exception of the speed at which the horse was driven. *Held*, that this omission rendered the hypothetical case objectionable.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*Collins & Jamison* for appellant.

(1) It is a well established proposition of law that, when personal property has been delivered by one party to another in good condition, and the same is damaged while in the possession of the latter, the burden is on the bailee of showing that he treated the property in a proper manner while in his possession, and that the loss or damage to it was not due to his negligence. The burden of proving such negligence is not upon the bailor. *Taussig v. Schields*, 26 Mo. App. 327; *Arnot v. Branconier*, 14 Mo. App. 431; *Weiser v. Chessley*, 53 Mo. 547; *Collins v. Bennett*, 46 N. Y. 490; Edwards on Bailment, sec. 62; *Beardsley v. Richardson*, 11 Wend. 25; *McNabb v. Lockhart*, 18 Ga. 495. (2) The lower court also erred in rejecting the expert evidence offered by plaintiff, to the effect that the horse died from excessive driving.

*J. R. Myers* for respondent.

BIGGS, J.—The plaintiff hired to the defendant a horse and buggy. It was alleged that, at the time the horse was delivered to the defendant, it was in a healthy condition, and that the defendant "negligently treated the horse, and drove the same to such an unusual and excessive extent, that said horse died from the effects thereof," etc.

The plaintiff's evidence tended to show that the horse was delivered to the defendant at about 1:30 P. M.; that, at the time, the animal was apparently in good condition; that it died about 9:30 P. M.; and that, when it was first seen by the plaintiff's witnesses, which was about half an hour before its death, it was sweating profusely.

The defendant's evidence tended to prove that the horse was driven at a moderate pace, not exceeding six

or seven miles an hour; that it was rested and watered several times during the afternoon, and that the animal was at no time overheated. Under the instructions, the jury found the issues for the defendant, and the plaintiff has appealed.

At the instance of the defendant the court instructed the jury as follows: "The court instructs the jury that the *burden of proof* is on the plaintiff to establish to their (the jury's) satisfaction by *preponderance of proof* that defendant failed to exercise ordinary care in driving and caring for the horse while in his charge; and, secondly, that said failure to exercise such care caused the death of the mare sued for; and, unless the jury are satisfied from the evidence of both such facts, the verdict must be for the defendant."

The plaintiff complains of this instruction. It is insisted by counsel that plaintiff made a *prima facie* case, when it offered evidence tending to prove that it delivered the animal to the defendant in an apparently healthy condition, and that the burden was then cast upon the defendant to show by a *preponderance of evidence* that he was free from negligence in the use of the horse. This objection loses sight of the distinction between the burden of proof and the burden of evidence. The former remains throughout the trial where the pleadings place it in the first instance, while the latter may shift from side to side according to the state of the proof. *Long v. Long*, 44 Mo. App. 141; *Heinemann v. Heard*, 62 N. Y. 448; *Central Bridge Corporation v. Butler*, 2 Gray (Mass.) 132; *Scott v. Wood*, 81 Cal. 400; *Willett v. Rich*, 142 Mass. 356; *Powers v. Silberstein*, 108 N. Y. 171; *Wilder v. Cowles*, 100 Mass. 487. It was necessary for the plaintiff to allege and prove that in the use of the horse the defendant was guilty of some negligent act, and that the death of the horse was the result of such act. These were the con-

stitutive facts of the cause of action. A *prima facie* case was made by the introduction of evidence tending to prove that the horse, at the time of the delivery to the defendant, was apparently in good condition. If the evidence had closed at this point, the plaintiff would have been entitled to recover, provided the jurors were satisfied from its evidence that the horse was in a healthy condition at the time of its delivery to defendant. Therefore, at this stage of the proceeding, the *burden of evidence* was cast on the defendant to show by some substantial evidence that he exercised ordinary care in the use of the animal. When this burden was met, then the final question for the jury was whether the whole evidence *preponderated* in favor of the plaintiff as to the constitutive facts of its cause of action; *i. e.*, that the defendant was negligent in the use of the horse, and that such negligence was the proximate cause of its death. The burden of proving these issues by a preponderance of evidence was imposed on the plaintiff by the pleadings, and we can conceive of no principle, recognized in our code of civil procedure, that would relieve the plaintiff of this *onus*.

In the case of *Heinemann v. Heard, supra,* it was said: "It was error to refuse to charge that the burden of proving negligence was upon the plaintiffs.   *   *   *   The charge against the defendants was, that they did not exercise proper care and diligence in the business of their agency. This was denied, and whether they did or not was the question to be decided. Upon this question the plaintiffs held the affirmative throughout the trial, and their relation to the question never changed. During the progress of a trial, it often happens that a party gives evidence tending to establish his allegation, sufficient it may be to establish it *prima facie,* and it is sometimes said the burden of proof is then shifted. All that is meant by this is, that there is a necessity of evidence to answer the *prima facie* case, or

it will prevail, but the burden of maintaining the affirmative of the issues involved in the action is upon the party alleging the fact which constitutes the issue, and this burden remains throughout the trial.''

In the case of *Central Bridge Corporation v. Butler*, *supra*, the court makes use of this language: ''The burden of proof and the weight of evidence are two very different things. The former remains on the party affirming a fact in support of his case, and does not change in any aspect of the cause; the latter shifts from side to side in the progress of a trial, according to the nature and strength of the proofs offered in support, or denial of the main fact to be established.''

In the case of *Scott v. Wood*, *supra*, the court, in discussing the distinction between the burden of meeting a *prima facie* case and the burden of producing a preponderance of evidence, said: ''The two burdens are distinct things. One may shift back and forth with the ebb and flow of the testimony. The other remains upon the party upon whom it is cast by the pleadings— that is to say, with the party who has the affirmative of the issue.''

As a further illustration of the principle which we contend for, the supreme court of Massachusetts, in the case of *Perley v. Perley*, 144 Mass. 107, said: ''While the burden of proof in an action upon a promissory note, as between the original parties, is upon the promisee to establish the fact that it was given for a valuable consideration, the production of the note and proof of the defendant's signature establish a *prima facie* case which entitles the plaintiff to a verdict. But the burden of proving a consideration still remains upon the plaintiff, notwithstanding this presumption, and, if there is any evidence in the case on this point on behalf of the defendant, the plaintiff must show, by a prepon-

derance of the whole evidence, that the note was given for a valuable consideration."

It is useless to quote further from the cases. We are clearly of the opinion that the instruction is free from the objection urged against it. What was said by this court and the supreme court (*Taussig v. Schields*, 26 Mo. App. 327; *Arnot v. Branconier*, 14 Mo. App. 431; *Wiser v. Chesley*, 53 Mo. 547) concerning the burden of proof did not refer to the burden of producing a preponderance of evidence, which must in every case rest on the party holding the affirmative of the issue.

The allegations of negligence were that the plaintiff "so negligently *treated* said horse, and drove the same to such an unusual and excessive extent," etc. In the defendant's instructions the jury were told that the verdict must be for him, unless he failed to use ordinary care in *driving and caring* for the horse. It is insisted that the instructions confined the jury to the consideration of the alleged act of overdriving. There is nothing in this objection. The language of the instructions is broad enough to embrace any act of negligence concerning the horse. Besides, there was no evidence tending to prove any act of negligence, other than unusual or excessive driving.

In rebuttal the plaintiff introduced as a witness Dr. James, a veterinary surgeon, for the purpose of eliciting his opinion of the cause of the death of the horse. Plaintiff's counsel stated to the witness a hypothetical case, which covered substantially the facts as shown by the evidence, except the rate of speed at which the horse was driven. The defendant objected to the sufficiency of the question for the above reason. The court declined to allow the witness to answer. As heretofore stated, the plaintiff's evidence, if it proved anything, tended to show a case of unusual and excessive driving, hence it was necessary to an intelligent opinion

by the expert that the rate of speed should be stated. Plaintiff's counsel having failed to supply the omission, the court did right in refusing to allow the witness to testify.

There are some other matters presented in the brief which we do not deem it necessary to discuss, as the result would not be changed. We will, therefore, affirm the judgment. All the judges concur.