## HENRY W. PUSEY vs. JAMES M. WEBB.

*Case—Bailment—Negligence—Care Required—Damages.*

1. When a person holds himself out to the public in any particular employment or trade, there is an implied engagement with those who employ him that he and his employees possess and will use that reasonable degree of knowledge and skill ordinarily possessed and used by others engaged in the same business.

2. The delivery by the plaintiff to the defendant of a horse for the purpose of being shod constitutes in law a bailment, and in such case the skill, care and prudence required on the part of the defendant is such as a reasonably careful and prudent man would exercise under like circumstances.

3. If a person receives property as bailee, and such property is injured while in his possession, and while in the exercise of ordinary care, he is not liable for such injury; but if it be occasioned by the negligence or carelessness of the bailee, his servant or agent, he is liable for such injury.

4. Ordinarily negligence is never to be presumed, but must be proved like any other substantive fact; and the burden of proof is upon the plaintiff. But where the property is injured whilst in the exclusive custody of a bailee, his servant or agent, it is incumbent on the bailee to show that the injury was not occasioned by the negligence of himself, his servant or agents.

5. If a horse which was left with defendant for the purpose of being shod was restless and would not stand quietly, and the injury complained of resulted from an unavoidable accident caused by the horse jumping suddenly at the time of the trimming of his hoofs, and while the defendant was using reasonable care, the plaintiff cannot recover.

*(May 4, 1900.)*

Judges SPRUANCE, GRUBB and BOYCE, sitting.

*Arley B. Magee* and *Alexander M. Daly* for plaintiff.

*Robert C. White* for defendant.

Superior Court, Kent County, April Term, 1900.

ACTION ON THE CASE for damages for the loss of a gray mare

owned by the plaintiff. It was claimed by the plaintiff that the defendant negligently permitted the foot of the mare to be cut while shoeing her at his blacksmith shop in the town of Milford, and that from the wound caused thereby blood poison set in, resulting in the death of the mare. The plea was not guilty. The narr consisted of three counts. The first count was for money laid out and expended by the plaintiff in the cure and healing of the mare. The second, for damages for the loss of labor of the mare. The third count was for the value of the mare.

The plaintiff testified that he took the mare to the blacksmith shop of the defendant in the town of Milford on or about the twenty-third of February, 1899, and delivered her into the custody of the defendant for the purpose of having her shod. That either Mr. Webb shod the mare or someone else in his shop, in the absence of the plaintiff who went up town after taking the mare to the shop of the defendant, and that the work had been done when he came back to the shop. That he paid Mr. Webb for the shoeing of the mare. That when he took the animal to the shop there were no cuts or bruises on her feet and there were no signs of lameness. That after he took her back home he noticed some soreness or lameness and upon examination of the hoofs found a hole cut through the wall or bottom of the foot into the quick, and that the wound looked white after he had cleaned the dirt out of it. That about ten or eleven days after the animal was shod he asked Mr. Webb, the defendant, about this cut and the latter said, "John, my brother, cut it, but he did not think it would amount to anything." The witness further testified that the mare rapidly grew worse and finally died. The veterinarian who attended the horse during its sickness testified that it died from blood poisoning superinduced by the cut in the foot.

The plaintiff further testified that John, a brother of the defendant, who the latter said cut the mare, was employed in a wheelwright shop adjoining the blacksmith shop, and that he did not think he was considered an experienced horse-shoer, but that he was put on to shoe horses.

The plaintiff rested, and Mr. White, counsel for defendant, moved for a nonsuit on the ground that there was no proof of negligence on the part of the defendant.

*Louth vs. Thompson, 1 Pennewill, 149.*

Counsel for plaintiff contended that while in an ordinary case for damages the burden was upon the plaintiff to prove the negligence of the defendant, yet from the nature of the transaction in this case, the plaintiff not being present at the time of the injury to the mare and the mare having been left in his possession as bailee, the burden was upon the defendant to show that the injury did not result from his negligence.

*Weber vs. Vernon, 2 Pennewill, 359.*

BOYCE, J.:—We have considered this question as fully as we could in the short time afforded us, and we decline to grant a nonsuit.

BOYCE, J., charging the jury:

Gentlemen of the jury:—This action was brought by the plaintiff for the recovery of damages from the defendant for the death of a mare belonging to the plaintiff, and for money laid out and expended by him for medicine and medical services procured for her.

The plaintiff charges that on, or about, the twenty-third day of February, 1899, he delivered his mare into the custody of the defendant, at the blacksmith shop of the latter, in the town of Milford, for the purpose of having her shod; that he left the shop for a time; that upon returning, finding that the mare had been shod, he paid the defendant therefor, and took her away; that within a few days thereafter he discovered that the mare was lame, and, upon an examination, he found that the inner part of her left forefoot, near the hoof, had been cut into the quick. The plaintiff avers in his declaration that the defendant did undertake to and did shoe his mare, and that by his negligence and carelessness in so doing, did cut,

bruise, wound, and injure the left forefoot of the mare, by reason of which she did become sick, sore, lame and disordered, and did continue so until the twenty-third day of March, A. D. 1899, when by reason of such cuts, wounds, bruises and injuries, she died.

The defendant admits that one of the forefeet of the mare was cut very slightly, as he thought at the time, in the act of trimming the hoof which he found necessary to do before shoeing; but he denies that the cut, thus admitted, was the result of negligence or carelessness. He contends that he used reasonable care, prudence and skill in the work which the plaintiff had engaged him to do; and that the injury complained of was an unavoidable accident due to the fact that the mare was very restless, and would not stand quietly and gently while her hoofs were being trimmed and shod; and that while trimming the hoof of the foot which was injured, she gave a sudden jump, causing the cut or accident at that instant.

We have thus briefly stated the contentions of the respective parties, and it is for you to apply the evidence, adduced in your hearing, to the law as we shall declare it to you.

It is a general rule of law that when a person holds himself out to the public in any particular employment, work or trade, there is an implied engagement with those who may employ him that he and his employees in that trade or business possess that reasonable degree of knowledge and skill which is ordinarily possessed by others engaged in the same business or trade. And that he and they will perform the services which he may be engaged to do, diligently and faithfully, and with that skill and prudence ordinarily possessed and observed by others engaged in the same or like employment.

The delivery of the mare to the defendant by the plaintiff for the purpose of shoeing her, constituted what is known in the law to be a bailment; and in such a case where the engagement or undertaking requires skill it is understood to mean ordinary skill in the particular employment or trade in which the party is engaged; and the measure of his undertaking and responsibility is reasonable skill

coupled with that care and prudence which a reasonably careful and prudent man would exercise under like circumstances.

If a person receives property as a bailee, and such property is damaged or injured while in his possession, and while in the exercise of ordinary and reasonable care, he is not liable for such damage or injury ; but if it be occasioned by the negligent conduct or carelessness of the bailee, his servant or agent, he is liable for such damage or injury.

Ordinarily negligence is never to be presumed, but must be proved like any other substantive fact, and the burden of proof is upon the plaintiff. But where the property is damaged or injured whilst in the exclusive custody of a bailee, his servant or agent, it is incumbent upon the bailee to satisfy the jury that the injury was not occasioned by the negligence of himself or his servants or agents.

If you find from the evidence that the alleged injury to the mare was produced by reason of incompetency or unskillfulness on the part of the defendant, or any other person whom he may have employed, either to trim her hoofs, or to shoe her, or to assist him in doing so ; or that the defendant, or his servant, or agent, did not use that degree of care in and about the work for which he was employed by the plaintiff which a reasonably skillful and careful man would have exercised ; and also that the death of the mare was due to the effects of the injury complained of, then the plaintiff will be entitled to recover such a sum as you may find from the evidence to be the value of the mare, at or about the time of her injury and death, and for such further or additional sum as you may find from the evidence that the plaintiff reasonably and necessarily laid out and expended in his endeavor to heal and cure the mare. If, however, you should find from the evidence that the defendant, or the person whom he may have employed to assist him, was reasonably skillful in the work which was undertaken by either of them— that is, that they each possessed that reasonable degree of knowledge and skill possessed by persons engaged in the same business or trade, and that reasonable care was exercised in and about the un-

dertaking such as a prudent, careful man would exercise under like employment and circumstances, your verdict should be for the defendant. Or if you find at the time of the shoeing that the mare was restless and would not stand quietly, and that the injury resulted from an unavoidable accident, caused by her jumping suddenly at the time of the trimming of the hoof, and while the defendant was in the exercise of reasonable care and caution under the circumstances, your verdict should be for the defendant.

You are the sole judges of the facts disclosed by the evidence in this case, and it is your duty carefully to weigh and consider all the facts and circumstances surrounding this case, and to render your verdict for the plaintiff, or the defendant, according to the preponderance and weight of the testimony adduced before you.

Verdict for defendant.