## RUTHERFORD v. KRAUSE.

(Supreme Court, Appellate Division, Third Department. November 16, 1900.)

BAILMENT—DAMAGES—NONSUIT—EVIDENCE.

Where plaintiff in an action for damages for injury to his horses, harness, and wagon while hired to defendant and others proved the hiring and the return of the property in a badly damaged condition, it was error to grant a motion for a nonsuit, since a bailee for hire, returning property in a damaged condition, has the burden of proving that the loss did not occur through his negligence; and this though it had been agreed that one of the other hirers, and not the defendant, should drive the horses.

Parker, P. J., and Edwards, J., dissenting.

Appeal from trial term, Delaware county.

Action by James Rutherford against Leopold Krause. Judgment for defendant, and from an order denying a new trial, plaintiff appeals. Reversed.

For former opinion, see 60 N. Y. Supp. 1050.

This action was brought by plaintiff against the defendant to recover damages for injury to plaintiff's horses, harness, and wagon, caused, as it is claimed, by the negligence of the defendant, who, with others, was a bailee for hire thereof. Upon the trial the plaintiff offered proof of the hiring of his property by the defendant, with others, and of the return thereof in a badly-damaged condition, and rested. The defendant's motion for a nonsuit was thereupon granted. A motion was made for a new trial, which motion was denied, and from the order denying the same this appeal is taken.

Argued before PARKER, P. J., and KELLOGG, MERWIN, SMITH, and EDWARDS, JJ.

Robert T. Johnson, for appellant.

George W. Youmans, for respondent.

SMITH, J. In 3 Am. & Eng. Enc. Law (2d Ed.) p. 750, the text reads:

"The rule adopted in the more modern decisions is that the proof of loss or injury establishes a sufficient prima facie case against the bailee to put him upon his defense. When chattels are delivered to a bailee in good condition, and are returned in a damaged state, or not returned at all, the law will presume negligence to have been the cause, and casts upon the bailee the burden of showing that the loss did not occur through his negligence, or, if he cannot affirmatively do this, that at least he exercised a degree of care sufficient to rebut the presumption of it."

The rule stated in the text seems to be sustained by numerous cases in the note, from different states, including our own. See, also, Collin v. Bennett, 46 N. Y. 490; Campbell v. Muller, 19 Misc. Rep. 189, 43 N. Y. Supp. 233; Ouderkirk v. Bank, 119 N. Y. 263, 23 N. E. 875. The reason of this rule is apparent. The bailee has the sole possession and custody of the chattel bailed. He cannot return the article to the bailor in a damaged condition, and by his silence defeat a recovery for the damage, because of the bailor's inability to prove how the damage happened. Although the burden of proof may rest eventually upon the plaintiff to establish his cause of action, until some reason is given for the injury the bailee should properly be answerable therefor. In the case at bar no explanation whatever has been offered by the defendant of the causes of the injury to plaintiff's property. It is true that it was agreed that Geldrich, another one of the hirers, should drive the team. That, of itself, however, does not relieve Krause from all responsibility. As one of the original bailees, he is still responsible for reasonable care. Until some explanation of the injury appears, from which the jury might reasonably find that Krause himself was free from negligence in permitting this injury, the plaintiff cannot be said to have failed in his cause of action. The order should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event.

Order reversed on the law and the facts, and motion for new trial granted, with costs to abide event. All concur, except PARKER, P. J., and EDWARDS, J., dissenting.