### WILLIAM G. HISLOP v. C. W. ORDNER.

Decided March 5, 1902.

Bailment—Negligence—Burden of Proof.

Although ordinarily the burden of proving negligence is on the plaintiff, yet where property is lost while in the exclusive custody of defendant as bailee, it is incumbent on the latter to prove that such loss was not occasioned by his negligence. See evidence held not to show negligence on the part of the bailee causing the death of a horse he had driven during the day.

Appeal from the County Court of Lavaca. Tried before Hon. James Ballard.

*Price, Green & Green,* for appellant.

*Patton & Schwartz,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This suit was originally brought by appellee in the Justice Court against appellant and C. Nichols to recover $125 damages for negligently killing appellee's horse. The trial in that court resulted in a judgment in plaintiff's favor against both defendants for $100. They appealed to the County Court, where the case was dismissed as to Nichols, and upon the trial a verdict was returned against appellant in the same amount as was adjudged against defendants in the Justice Court.

The evidence, briefly stated, is as follows: In October, 1898, the appellee delivered at Ganado his horse and buggy to appellant to be driven by him, without compensation and solely for the former's benefit, to Yoakum, Texas, and there to be delivered to him. On or about the 10th day of the month the appellant started with the horse and buggy from Ganado, the animal then being apparently sound and well, for the purpose of performing his agreement with appellee to drive to Yoakum and there deliver the animal and vehicle to him. Night overtook appellant on his journey, and he turned into a pasture, unharnessed the horse, turned him loose, with a stake rope about his neck, and he commenced to graze; and appellant lay down in the buggy and fell asleep. During the night he was awakened by the groaning and struggling of the animal, and went to him, kicked him and made him get up. The horse appeared sick, as if he had colic, bit himself in the flanks, and shortly afterwards lay down and died. The horse had been driven at an ordinary gait from 7 o'clock in the morning, except an hour and a half taken for noon, until sundown. But it can not be determined from the record before us the distance traveled.

The statement of the evidence in regard to the journey and what occurred during it is made from the testimony and admission of the appellant himself, such being the only evidence on the subject.

Ordinarily negligence is never to be presumed, but must be proven

like any other substantive fact, and the burden of proof is upon the plaintiff. But when the property is lost or injured while in the exclusive custody of the bailee, his servant or agent, it is incumbent upon the bailee to prove that the loss or injury was not occasioned by the negligence of himself, or his servants or agents. 3 Am. and Eng. Enc. of Law, 2 ed., p. 750, and cases cited; Pusey v. Webb, 47 Atl. Rep., 700. The reason of the rule is apparent. The bailee has the sole possession and custody of the chattel bailed. He can not return the article to the bailor in a damaged condition, or not return it at all, and by his silence defeat a recovery for the damage, because of the bailor's inability to prove how the damage or loss happened. Although the burden of proof may rest eventually upon the plaintiff to establish his cause of action, until some reason is given for the injury to or loss of the property, the bailee should properly be held answerable therefor. Rutherford v. Krause, 66 N. Y. Sup., 781.

In the case before us the appellant's explanation of his failure to deliver the horse seems to us reasonable. It is the only evidence on the subject, and we are satisfied that it is not sufficient to show that the animal's death was caused by any negligence on his part. It may be upon another trial the case upon the question of negligence may be more fully developed. As it is now shown by the record, we do not think it would be right for us either to affirm the judgment or reverse and render it for appellant. Because of the insufficiency of the evidence to show that the appellant was guilty of negligence proximately causing the death of the horse, the judgment is reversed and the cause remanded.

*Reversed and remanded.*