## JOSEPH LEBENS v. PETER WOLF.[1]

December 7, 1917.

No. 20,580.

**Bailment — breach of bailee's duty — burden of proof.**

1. In this action to recover damages for injury to a stallion while in the care and custody of defendant as bailee, the burden of proof is upon plaintiff, the bailor, to establish that the injury resulted from defendant's negligence or breach of duty to exercise the due care required under the contract of bailment. This is so whether the bailment be gratuitous or for the mutual benefit of the parties.

**Same — evidence — dismissal of action error.**

2. When plaintiff proved that defendant received the animal in a good condition and returned the same with an injury which ordinarily does not happen without negligence of the keeper a prima facie case was made out, and it was error to then dismiss the action.

Action in the district court for Nobles county to recover $878.25 for injuries to a stallion. The case was tried before Nelson, J., who when plaintiff rested granted defendant's motion to dismiss the action. From an order denying plaintiff's motion for a new trial, he appealed. Reversed.

*J. A. Cashel,* for appellant.

*E. H. Canfield,* for respondent.

[1]Reported in 165 N. W. 276.

HOLT, J.

The complaint alleges the loan of a stallion, in good condition, to defendant, upon the agreement that he should be used solely for farm work; that the defendant should feed and care for him and take extraordinary precaution to prevent his being injured, disabled or overworked; and that defendant neglected to care for the animal so that he "became kicked" and permanently injured, in which condition he was returned to plaintiff, the owner, causing a damage in the sum of $878.25. When plaintiff rested, the action was dismissed on defendant's motion. The appeal is from the order denying a new trial.

Since the horse was returned to the bailor, the cause of action is not to be considered as one in conversion imposing the burden upon the bailee of proving that the loss was not due to want of care, under the rule in Davis v. Tribune Job Printing Co. 70 Minn. 95, 72 N. W. 808, but as one based upon negligence or failure of the bailee to give the subject of the bailment proper care while in his custody. Shropshire v. Sidebottom, 30 Mont. 416, 76 Pac. 941. The burden of proof is, therefore, upon plaintiff to show defendant's negligence or breach of duty to use due care as the cause of the injury. "The final burden is on the bailor to prove negligence, not on the bailee to prove due care." Sanford v. Kimball, 106 Me. 355, 357, 76 Atl. 890, 138 Am. St. 345. It matters not whether the bailment was gratuitous or for the mutual benefit of both parties, for the character of the bailment would only bear upon the care to be exercised in respect to the property bailed. Pregent v. Mills, 51 Wash. 187, 98 Pac. 328. Some decisions, involving damages under bailments, speak of the burden of proof as shifting to the bailee upon the bailor proving that the property was in good condition when delivered and in a damaged state when returned. But, accurately speaking, the burden of proof never shifts in the trial of a lawsuit. The burden of evidence may shift. When the testimony is all in, the preponderance thereof must be in favor of that litigant who, under the pleadings and the nature of the cause of action or defense, has the burden of proof, otherwise the decision will go to the other party. McEleney v. Donovan, 119 Minn. 294, 138 N. W. 306; Rustad v. Great Northern Ry. Co. 122 Minn. 453, 142 N. W. 727; J. D. Marshall Livery Co. v.

McKelvy, 55 Mo. App. 240; Willett v. Rich, 142 Mass. 356, 7 N. E. 776, 56 Am. Rep. 684.

But, notwithstanding that the burden of proof in this case was upon plaintiff to prove negligence of defendant as the cause of the stallion's injury, we are of opinion that a prima facie case was made; hence it was error to dismiss the action. True it is that the authorities are not in harmony as to what proof will make a prima facie case in the bailment of animals, some holding that proof of good condition when delivered to the bailee and of injured when returned is not sufficient. Malaney & Blakely v. Taft, 60 Vt. 571, 15 Atl. 326, 6 Am. St. 135. Others again declare such proof adequate, Miller v. Miloslowsky, 153 Iowa, 135, 133 N. W. 357; Jackson v. McDonald, 70 N. J. Law, 594, 57 Atl. 126; Hislop v. Ordner, 28 Tex. Civ. App. 540, 67 S. W. 337; Rutherford v. Krause (N. Y.) 55 App. Div. 210, 66 N. Y. Supp. 781. But it may be a harsh rule to permit an inference of negligence or want of care from the mere fact that a bailee returns an animal in a diseased or injured condition, because, in spite of due care or even the best of care, animals are subject to sickness and accidental injury in moving about. They are different in this respect from other bailable property. Therefore this rule, announced by several courts, appears more fair than either of the two mentioned, to wit: The bailor makes a prima facie case when he shows that the animal when left in the keeping of the bailee was in good condition and was returned suffering from an injury that does not ordinarily occur without negligence on the part of its keeper. Hildebrand v. Carroll, 106 Wis. 324, 82 N. W. 145, 80 Am. St. 29; Powers v. Jughardt, 101 App. Div. 53, 91 N. Y. Supp. 556; Collins v. Bennett, 46 N. Y. 490; Nutt v. Davison, 54 Colo. 586, 131 Pac. 390, 44 L. R. A. (N. S.) 1170; and cases cited under headings IX and X in the note to Stone v. Case, 43 L. R. A. (N. S.) 1168.

Without discussing or setting out the testimony it is enough, in view of our conclusion that a new trial must be had, to say that plaintiff's evidence tended to prove that defendant returned the stallion with an injury which, on account of its nature and location, could not well have been caused by disease or by accidental hurt while the animal was unattended in his stall, so that the jury, in the absence of any explanation from the one in whose care defendant had placed him when the

injury first appeared, might reasonably infer that improper use or care was the cause thereof. This, under the rule last stated, makes a prima facie case which defendant must meet with proof in explanation or avoidance of the inference of improper care which, otherwise, the jury might legitimately draw from the facts proven.

There should be a new trial.

Order reversed.