### HUIE v. LAY et al.
### No. 5540.

Court of Civil Appeals of Texas. Amarillo.
March 29, 1943.

Rehearing Denied May 3, 1943.

Ewell H. Muse, Jr., of Austin, for appellant.

R. G. Smith, of Lubbock, for appellees.

PITTS, Chief Justice.

This is an appeal from the District Court of McCulloch County to the Court of Civil Appeals of the Third Supreme Judicial District at Austin and transferred by the Supreme Court to this Court. Appellee, A. M. Lay & Company, sued appellant, O. O. Huie, for $2,614.89 as the value of 47 bales of cotton that were destroyed by fire near Sterling City about December 18, 1939, while in the possession of appellant and while in transit by truck from Littlefield, Texas to Houston, Texas under an express contract of delivery to Houston. The case was tried before a jury with a judgment rendered for appellees non obstante veredicto by the trial court for $874.70.

The record discloses that appellee owned 70 bales of cotton at Littlefield and contracted with appellant, who owned, operated and controlled certain motor trucks and trailers as a motor contract carrier and was engaged in the transportation business, to transport said cotton from Littlefield to Houston and to deliver same to George H. MacFadden and Brothers at Houston; that appellee agreed to pay appellant the sum of $1.75 per bale for the delivery of said cotton; that appellee on December 18, 1939, delivered to appellant at Littlefield the 70 bales of cotton with 47 bales loaded on one truck and 23 bales loaded on another truck to be delivered in compliance with the contract; that appellant's son, Roy Huie, was the driver in charge of the truck carrying the 47 bales of cotton; that some three and one-half miles from Sterling City on State Highway No. 87 the 47 bales of cotton while loaded on the truck were completely destroyed by fire about midnight on December 18, 1939, while the remaining 23 bales of cotton were delivered in accordance with the contract; that no eye witness to the manner in which the cotton caught on fire testified before the trial court; that no attempt was made to explain by evidence of any probative force as to how or why the cotton was burned; that Joe Emmer, called as a witness by appellee, testified that he was in the automobile business and assistant fire chief of Sterling City at the time the cotton burned; that he had lived at Sterling City 32 years; that on the night the cotton burned he went to the place of the fire about midnight on Highway No. 87 three and one-half miles from Sterling City toward Big Spring; that it appeared there were about 50 bales of cotton on the truck and trailer and all of them were on fire and there was too much heat and the cotton was too well covered by fire to save any of it; that he did not know how long the cotton had been burning when he arrived; that the truck was stopped on the shoulder of the highway and nobody else was there; that it did not appear that the truck had been involved in a collision; that the driver of the truck was not there; that he stayed at the scene for about one and one-half or two hours during which time many passers-by stopped and looked it over; that he went back to the truck next morning and stirred up the fire so it could finish burning; that it took two or three days for it to finish burning; that he was out there several times while it was burning watching to prevent a grass fire; that he never did see the driver of the truck; that he moved the truck and trailer into Sterling City two or three days after the fire but did not know to whom they belonged; that next morning after he discovered the fire he discovered evidence of the fire along the highway in the direction from which the truck had come for a distance of three miles beyond the car by burned rubber on the highway showing that the dual wheels skidded in it; that the burned rubber was black, easily trailed and continued beyond the three mile point where he turned back.

The record further discloses that the insurance company had paid appellee $1,740.19 on the loss of the 47 bales of cotton; that appellant had hauled cotton for appellee previous to the transaction out of which this suit grew; that appellant held a "special commodity carrier permit" from the Railroad Commission of Texas to haul livestock, feed stuffs, wool, household goods and other commodities over various routes in Texas but that he had no authority from the Railroad Commission to haul cotton; that on previous occasions when appellant hauled cotton for appellee, appellee gave appellant a "fictitious bill of sale" for the cotton then hauled in order that appellant and his drivers may show the "fictitious bill of sale" to any highway officer who may hail them and question them about hauling cotton illegally and claim the cotton as their own personal property, but that no such "bill of sale" was issued to ap-

pellant by appellee on the 47 bales of cotton in question in this case; that appellant testified before the trial court to the effect, among other things, that he had four trucks operating on December 18, 1939, two of which were hauling the cotton in question, and that he did not know of his own knowledge how the loss of the 47 bales of cotton by fire occurred. At the close of the evidence both appellant and appellee asked for an instructed verdict but both motions were overruled by the trial judge, who asked the jury the following questions:

"Do you find from a preponderance of the evidence that the driver of defendant's truck upon which the 47 bales of cotton burned was guilty of negligence in failing to observe said cotton on fire at the time said fire began?"

"Do you find from a preponderance of the evidence that the driver of defendant's truck upon which the 47 bales of cotton burned failed to use that degree of care which an ordinarily prudent person would have used under the same or similar circumstances to observe said cotton afire in sufficient time to prevent it from being destroyed?"

"Do you find from a preponderance of the evidence that A. M. Lay & Company at the time it contracted with O. O. Huie to haul the cotton in question had knowledge that it was a violation of law for Huie to haul said cotton?"

The jury answered the first two issues in the negative and the last one in the affirmative. The court also inquired about proximate cause but such issues required no answers unless negligence was found on the part of the truck driver and no answers were given by jury to such issues since no negligence was found by them.

As a result of the jury findings appellant moved for judgment. Appellee moved for judgment non obstante veredicto setting up as it had in its motion for peremptory instruction that appellee had proved by a preponderance of the evidence that the 47 bales of cotton had been delivered to appellant under contract for delivery to Houston; that appellant so accepted the cotton for delivery at a contract price of $1.75 per bale; that the cotton was destroyed by fire while in the possession of appellant and his agent and while in transit; that appellee was not present and had no way of knowing how the cotton was destroyed; that the cotton was not delivered in Houston, not returned to appellee and not paid for; that appellant had not explained nor offered any evidence tending to explain how the cotton was destroyed and had not offered any evidence to show or tending to show that his agent as driver of the truck was not negligent nor that his agent as driver of the truck exercised ordinary care in hauling the cotton; that appellee had received $1,740.19 from the insurance company in part payment for cotton lost but was entitled to the sum of $874.70 more to cover the loss sustained; that under the pleadings and facts, appellee had made out a prima facie case against appellant; that appellant became a bailee in possession of appellee's property as bailor and, as a matter of law, the duty was imposed upon said appellant as a bailee, if he desired to justify his failure to live up to the contract, to produce evidence showing that he and his agent in charge of the cotton exercised due care and that his agent as driver of the truck was not negligent but exercised ordinary care; that appellant had failed to offer any such proof and that he was, therefore, liable to appellee as a matter of law for the sum of $874.70; that appellee prayed for such judgment, which motion the trial court sustained and entered judgment accordingly that resulted in this appeal.

Appellant assigns as error the failure of the trial court to sustain his motion for judgment in view of the jury's findings that appellant's driver of the truck was not guilty of negligence and his granting appellee's motion for judgment non obstante veredicto. Appellee answered with a counter point that at the close of the evidence appellee was entitled to a peremptory instruction as a matter of law but, after his motion for such was overruled by the trial court, he was then entitled to have his motion for judgment non obstante veredicto sustained for reasons set out above in his motion.

■ Appellant contends that he was only a private carrier in transporting appellee's cotton under the contract and appellee admits that such is true and that appellant's duties were limited to the degree of ordinary care by appellant and his truck driver. Both appellant and appellee contend that the position of appellant was that of bailee and appellant, in support of his contention, cites the rule in 10 C.J. 38, which is as follows: "A private carrier with or without reward is merely a bailee and his

liability is determined by the rules governing the responsibilities of bailees. His liability is limited to such losses or injuries as result from his negligence or that of his servants; although bound to exercise ordinary care, he is not an insurer of the safety of the goods intrusted to him for transportation." Appellant supports such rule with the case of Beatrice Creamery Co. v. Fisher, 291 Ill.App. 495, 10 N.E.2d 220. This rule is also supported by Texas Jurisprudence Vol. 8, page 38, par. 4, and the authorities thereunder cited.

■ With reference to the liability of bailee, Texas Jurisprudence, Vol. 5, page 1039, par. 29, says:

"When a bailor seeks to recover the value of property lost while in the hands of the bailee it is not incumbent upon him to allege or prove fraud or negligence; he need only allege and prove delivery to the bailee and the bailee's failure or refusal to return the property, or its return in an injured condition, for there is a presumption that loss or injury to bailed property was caused by the negligence of the bailee, and the absence of fraud and negligence on the part of the bailee is a matter of defense. After the bailor makes the necessary allegations the burden devolves upon the bailee to defend by showing that the property was not lost or injured by reason of his negligence.

" 'The reason of the rule is apparent. The bailee has the sole possession and custody of the chattel bailed. He cannot return the article to the bailor in a damaged condition, or not return it all, and by his silence defeat a recovery for the damage because of the bailor's inability to prove how the damage or loss happened.' "

The above rule is supported by the following cases: Mecom v. Vinton, Tex.Civ. App., 191 S.W. 763; Staley v. Colony Union Gin Co., Tex.Civ.App., 163 S.W. 381; Bagley v. Brack, Tex.Civ.App., 154 S.W. 247; Hislop v. Ordner, 28 Tex.Civ.App. 540, 67 S.W. 337, and numerous other authorities.

■ We sustain the contention of appellee that it had by its pleadings and the evidence made out a prima facie case; that the burden of proof rested upon appellant to show he and his agent exercised ordinary care and were not guilty of negligence; that the doctrine of res ipsa loquitur applies in this case since appellee alleged only general negligence and put appellant on notice that appellee was charging him with negligence and lack of ordinary care, but that appellant did not offer any evidence to excuse his negligence or his lack of ordinary care and did not offer as a witness his son, Roy Huie, as his agent, who was the driver of the truck and who was the only person who could probably have explained how the cotton was destroyed. Mecom v. Vinton, supra; Bagley v. Brack, supra. We find no evidence of probative force to support the findings of the jury excusing appellant and his agent from negligence and no evidence of probative force to support the jury's finding that the truck driver failed to use that degree of care which an ordinarily prudent person would have used under the same or similar circumstances. Because of the authorities cited above, we overrule appellant's assignment of error.

■■ Appellant complains that the trial court erred in permitting appellee to recover when it was a party to a contract involving a violation of the law and when the jury had found that appellee had knowledge that appellant did not have authority from the Railroad Commission to haul cotton and was therefore violating the law in doing so. This assignment of error is overruled since it is a well established rule that a carrier cannot as a matter of law escape liability for his own negligence on the ground that the contract of shipment is illegal; and he would certainly have to prove that the violation of the law constituted negligence and that such negligence was the proximate cause of the injury, neither of which was done by appellant in this record and there was no jury finding to that effect. Gulf, C. & S. F. Ry. Co. v. Lipshitz, Tex.Civ.App., 29 S.W.2d 905; Chicago, R. I. & G. Ry. Co. v. Manby, Tex.Civ.App., 207 S.W. 157; Houston & T. C. R. Co. et al. v. Commons et al., Tex.Civ.App., 160 S.W. 1107; St. Louis, B. & M. Ry. Co. v. Price, Tex.Com. App., 269 S.W. 422; Foster v. Beckman, Tex.Civ.App., 85 S.W.2d 789.

It is our opinion that the trial court properly sustained appellee's motion for judgment non obstante veredicto and rendered judgment for appellee. The judgment is, therefore, affirmed.