## RAILWAY EXPRESS AGENCY, Inc., v. HUEBER.

### No. 11525.

Court of Civil Appeals of Texas.
San Antonio.

Oct. 3, 1945.

Rehearing Denied Nov. 14, 1945.

Second Rehearing Denied Dec. 19, 1945.

C. W. Trueheart, of San Antonio, for appellant.

Egbert Schweppe, of San Antonio, for appellee.

MURRAY, Justice.

This is an appeal from a judgment of the County Court at Law No. 1 of Bexar County, in favor of F. A. Hueber against Railway Express Agency, in the sum of $173.

From the judgment the Railway Express Agency has appealed.

Appellee, Hueber, allegedly shipped some gold and silver nuggets, foreign coins and other articles of unusual value, from Los Angeles, Cal., to San Antonio, Tex., which were allegedly lost by the Express Agency either in transit or after they arrived in San Antonio and were stored by the Agency. The trial was by the court without the intervention of a jury.

Appellant's first two points present the contention that the evidence was insufficient to support a finding that the valuable articles alleged to have been lost were ever delivered to the Express Agency in Los Angeles. We overrule this contention. Appellee testified that he packed the articles in a carton, tied and sealed it, and delivered it along with another carton to the clerk of the Shoreham Hotel at Los Angeles. He instructed the clerk to call the Express Company and have them pick up the cartons for shipment to San Antonio. Appellee left before the Express Company picked up the cartons, but he was mailed a uniform express receipt from the Company, and in due time received notice of the arrival of the cartons in San Antonio. He went to the office of the Express Company, saw the cartons, and found them to be in the same condition as when he had delivered them to the clerk in Los Angeles. He did not examine them closely but only viewed them from a distance of some twelve or fifteen feet. Appellee then made arrangements with the Express Company to store the cartons, as he did not wish to take them out for some time. Some six months later when he finally took the cartons out of storage, the one containing the valuables was broken open and the valuables were missing.

Appellant's specific point is that the clerk, porter, or some other employe of the hotel, or even some bystander, had an opportunity to take the valuables from the carton before it was ever delivered to the employes of the Express Company, and therefore the evidence fails to show that the Express Company ever actually received the valuables. These circumstances were matters which could properly be considered by the trier of facts, but the trial judge, whose duty it was to consider and weigh all such matters, has found, at least impliedly, that the Express Company did receive these valuables, and such finding is supported by substantial evidence. 3 Tex.Jur. p. 1102, § 771.

Appellant's third point presents the contention that inasmuch as the Express Company issued a uniform express receipt containing a provision to the effect that the Express Company was not to be liable for the loss of articles of extraordinary value, unless they were enumerated on the receipt or unless such loss was caused by the negligence of the Express Company, there could be no liability on its part herein, as the lost articles were not enumerated in the receipt. It is admitted that the valuable articles were not enumerated in the receipt and that such articles were of extraordinary value. If the articles had been called to the attention of the Express Company, a higher rate would have been charged for their transportation. As a matter of fact, they would have been taken out of the carton and shipped separately and handled with a great deal more care. It is also clear that before the Express Company can complain because of the nondisclosure of the articles it must have advised the shipper of the higher rate and called upon him to make disclosure. Galveston, H. & S. A. R. Co. v. Quilhot, Tex.Civ.App., 123 S.W. 200; Head v. Pacific Express Co., 60 Tex.Civ.App. 169, 126 S.W. 682; Huie v. Lay, Tex.Civ.App., 170 S.W.2d 823. The company attempts to excuse itself for not doing this, first, because the cartons were marked "Mdse." and, second, because appellee left the hotel before the employes of the Express Company arrived to pick up the articles, and was not present to be questioned as to the contents of the cartons, or to be advised of the higher rate for the shipment of valuables. We do not feel that these circumstances change the situation. The Express Company could have refused to accept the cartons until some one advised it of the contents, but, be that as it may, we feel that the evidence is sufficient to show that the loss was caused by the negligence of the Express Company and therefore it would become immaterial as to whether the articles were listed or not.

When the cartons were placed in storage they were tied and sealed, and in the same condition as when they were left at the hotel for shipment. When they were taken out of storage the carton containing the valuables was broken open and tied together with an old rope that appellee had never seen before. The carton was in such condition that appellee was unable at first to recognize it as the carton he had shipped. Appellant offered evidence of the careful manner in which it customarily cares for packages left with it for storage, but it did not explain in any way how this particular carton was broken into, nor in what manner the valuables were lost out of the carton. The evidence offered by appellee was sufficient to support a finding that the valuables were lost as a result of the negligence of the employes of the Express Company.

The judgment is affirmed.

### On Motion for Rehearing.

Appellant contends, in its motion for rehearing, that we were in error in holding that the provision in the uniform receipt, that the express company was not to be liable for articles of extraordinary value unless listed separately on such receipt, was unlawful and void because the provisions of this requirement were not called to the shipper's attention. We have concluded, on a re-examination of the case, that we did not go far enough. We are now of the opinion that the provision in the uniform receipt was unlawful and void, regardless of what notice the shipper may have had. This case involves an interstate shipment of goods, governed by the provisions of the Carmack Amendment. Title 49, § 20, par. (11), U.S.C.A. This amendment has itself been twice amended by what is known as the first and second Cummins Amendments, and now reads in part as follows:

"Any common carrier, railroad, or transportation company subject to the provisions of this chapter receiving property for transportation from a point in one State * * * to a point in another State * * * shall issue a receipt or bill of

lading therefor, and shall be liable to the lawful holder thereof for any loss, damage, or injury to such property, caused by it or by any common carrier * * * to which such property may be delivered, * * * and no contract, receipt, rule, regulation, or other limitation of any character whatsoever, shall exempt such common carrier * * * from liability hereby imposed; * * * and any such limitation, without respect to the manner or form in which it is sought to be made is declared to be unlawful and void: * * * Provided, however, That the provisions hereof respecting liability for full actual loss, damage, or injury, notwithstanding any limitation of liability or recovery or representation or agreement or release as to value, and declaring any such limitation to be unlawful and void, shall not apply, first, * * * second, to property * * * received for transportation concerning which the carrier shall have been or shall be expressly authorized or required by order of the Interstate Commerce Commission to establish and maintain rates dependent upon the value declared in writing by the shipper or agreed upon in writing as the released value of the property, in which case such declaration or agreement shall have no other effect than to limit liability and recovery to an amount not exceeding the value so declared * * *."

■ It is clear from the above that a railway express agency, which takes goods for interstate shipments, is liable for any loss, damage or injury to such property, caused by it, with the one exception, that a shipper can not recover a greater value than that placed on the goods at the time they were turned over to the agency for transportation. Here the shipper valued the cartons at $200 and has only recovered $174.

■ We have not found, nor have we been cited to, any case holding that a provision in a uniform receipt that the carrier will not be liable for articles of unusual value unless listed on the receipt is a valid provision. In our opinion, it is an attempt on the part of a carrier to limit its liability in a manner which is positively prohibited by the Carmack Amendment.

The only case holding any such provision valid, that we know of, is the case of Hecker Products Corp. v. Transamerican Freight Lines, Inc., 296 Mich. 381, 296 N.W. 297, 300, and in that case the carrier was a motor carrier, not equipped to carry articles of unusual and extraordinary value, and the court held that the provision was not one limiting its liability, but one that prohibited the shipment of such articles by motor freight lines. The court said: "We hold that reports valued at $5,000 were articles of extraordinary value. Valuable papers and articles of extraordinary value were not rated in the tariff on file with the Interstate Commerce Commission. The provisions in regard to nonliability for documents and articles of extraordinary value were not of limitation but exclusion. Under the circumstances plaintiff can not recover."

Here the Railway Express Agency did handle articles of extraordinary value and, therefore, the provision was not one of exclusion but one of limitation of liability, which is not authorized by the Carmack Amendment.

There can be no question of this interpretation of the Carmack Amendment when its history is considered. By the first Cummins Amendment, 38 Stat. 1196, 49 U.S.C.A. § 20(11) note, it was provided, "that if the goods are hidden from view by wrapping, boxing, or other means, and the carrier is not notified as to the character of the goods, the carrier may require the shipper to specifically state in writing the value of the goods, and the carrier shall not be liable beyond the amount so specifically stated, in which case the Interstate Commerce Commission may establish and maintain rates for transportation, dependent upon the value of the property shipped as specifically stated in writing by the shipper." When the second Cummins Amendment was adopted, 41 Stat. 456, 49 U.S.C.A. § 20(11) note, this provision was in effect repealed and does not now appear. Under the first Cummins Amendment appellant's contention that the valuables shipped by Hueber, being boxed and hidden from view, were governed by a different rule from articles which could be seen by the carrier and their nature determined, might have been maintained, but the second Cummins Amendment, leaving out all reference to articles boxed and hidden from view, indicates that Congress intended to put all articles on the same basis, whether hidden from view or not.

Appellant could not limit its liability by the provision contained in the uniform receipt.

Appellant's motion for a rehearing is overruled.