**SHUTTLES BROS. & LEWIS v. WOODSON STATE BANK et al. (No. 47.)**

(Court of Civil Appeals of Texas. Eastland. May 17, 1925. Rehearing Denied Dec. 18, 1925.)

**I. Bailment** ⬙14(1)—**Bank not liable for diamonds lost by United States mail in returning to jeweler who had forwarded to bank.**

Bank in inland town, not served by express or railway, to whom jeweler had forwarded diamonds by registered mail upon request of cashier, *held* not liable for loss of diamonds after delivery to United States mails for return by insured parcel post.

**2. Bailment** ⬙14(1)—**Negligence of government employees could not be imputed to bank which delivered diamonds in mails for return to jeweler.**

Negligence of government employees could not be imputed to bank which had delivered diamonds to United States mail to be returned to jeweler, and no duty rested upon bank to account for acts of government employees after property was deposited in mail for return to jeweler.

**3. Bailment** ⬙31(1)—**Not necessary that bank, returning diamonds to jeweler by insured parcel post, should show that government employees were not negligent.**

Where bank, on request of cashier, had received diamonds from jeweler by registered mail and had returned rings by insured parcel post, *held* it was not necessary for bank to show that government employees were not negligent in handling and carrying package.

Appeal from District Court, Throckmorton County; Bruce W. Bryant, Judge.

Suit by Shuttles Bros. & Lewis against the Woodson State Bank and another. From a judgment for defendants, plaintiff appeals. Affirmed.

---

⬙For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Love & Rutledge, of Dallas, for appellant.

Goggans & Allison, of Breckenridge, for appellees.

RIDGELL, J. This suit was filed in the district court of· Dallas county by Shuttles Bros. & Lewis, a corporation, against Woodson State Bank and G. D. Dickie, both residents of Throckmorton county, Tex., for the purpose of recovering the value of three diamond rings aggregating in value the sum of $3,160, which were sent by Shuttles Bros. & Lewis to Woodson State Bank at Woodson, Tex., upon the written request in a letter signed by G. D. Dickie, cashier of the Woodson State Bank on November 14, 1922. The letter requested that the rings be forwarded to the Woodson State Bank in order that prospective customers might make a selection therefrom and the diamonds were shipped by the appellant by registered mail through the post office of Dallas, Tex., and were duly delivered into the hands of the Woodson State Bank on or about November 18, 1922. Said property was not returned to the plaintiff, and this suit was brought to recover the value of said rings as above alleged. Defendants filed pleas of privilege, and the case was transferred to the district court of Throckmorton county, Tex., and was there tried before court and jury on October 31, 1924.

Both defendants by their pleadings alleged that the rings described by plaintiff were received by the bank, and some days after their receipt were, on December 2, 1922, deposited in the United States mail in the post office at Woodson, Tex., wrapped and addressed to the plaintiff at Dallas in a parcel, which was insured by and with the United States government for the sum of $50, and proper postage and insurance charges were paid thereon, and that the defendants had not seen said rings since said date, and that the plaintiff was notified that said rings were so shipped back to plaintiff and such acts were set up by the defendants as a defense to the plaintiff's suit.

The Woodson State Bank pleaded that the acts of the corporation were ultra vires, and ·that by reason thereof no liability could be fastened upon Woodson State Bank resulting therefrom.

The plaintiff, at the close of all the evidence, moved for an instructed verdict against each of the defendants for the sum of $2,708.62, and after the plaintiff's motions for instructed verdict were overruled. The court submitted one special issue to the jury, which was a question calling for a'jury finding upon the question of whether or not the Woodson State Bank exercised ordinary care in depositing the package containing the diamonds and addressed to the plaintiff in the United States mail at Woodson, Tex., as a parcel post package, insured at a valuation of $50, and the jury's answer thereto was in the affirmative. The court rendered a judgment against the plaintiff and in favor of both defendants, from which action of the court the plaintiff has prosecuted this appeal.

The plaintiff, in a written memorandum duly filed, objected to the court's action in submitting the special issue to the jury, for the reason that the same was contrary to the law applicable to this case, in that the duty resting upon the bailee to redeliver the property to the bailor is not a duty to use reasonable care only to deliver, but is an absolute duty when the bailee is in possession of the property and undertakes to deliver, and appellant took the position that, because the evidence· in this case shows that the bailee sought to redeliver and made no more than an unsuccessful effort, as a result of which the property was lost, the defendants were liable as of conversion and could not escape such liablity by a plea that they had used ordinary care in the· selection of an agency which undertook to redeliver the property to plaintiff.

The motion for new trial was filed by plaintiff in due time, and was overruled by the court below.

'We do not deem it necessary for the disposition of this case to discuss the question raised by appellee that the action of the bank in receiving the diamonds for the purpose of exhibiting same to its customers for sale would be ultra vires, and therefore render the bank not liable. Evidently the bank would not be authorized to engage in the jewelry business or generally discharge and perform any duties not authorized by its charter.

The evidence in this case shows that the sole 'agreement between appellant and appellee with reference to the shipment of said diamonds was contained in two letters, one from the bank to plaintiff, and one from the plaintiff to the bank, which are as follows:

"B. S. Walker, President.
                G. D. Dickie, Cashier.
     "Woodson State Bank.

     "Woodson, Texas, Nov. 14, 1922.

"Shuttles Bros. & Lewis, Dallas, Texas—Gentlemen: We have two good customers who are anxious to buy a ring each. They want ladies' rings in a popular mounting from 1½ to 2½ carat diamond. If you would like to do so send a few rings in sizes 7½ and 8 that you would suggest, together with the best price you can make and basis you want us to handle thereon.

     "Yours truly, G. D. Dickie, Cashier."

                "November 16, 1922.

"Woodson State Bank, Woodson, Texas—Gentlemen: We have your favor of November 14th, in regard to diamonds, and we are shipping you to-day three rings, all in platinum mountings. One of the stones weighs 1.59, one weighs 1.92, and one weighs 2.74. We do not have these rings in stock in sizes as large as 7½ and 8, so we· are sending them in the stock sizes, and if your customers make a selection we shall be very glad to make the rings the correct finger size without an additional charge.

"You did not state in your letter whether you desired to make any commission on this transaction or not, so we thought best to add 10 per cent. to the prices so that you could make something on them if you desired to do so, so the price at which these goods are billed to you are subject to 10 per cent. discount and a further discount of —— per cent. for cash.

"In the event your customers do not want to pay all cash, if you will write us just what terms they want we will do our best to meet the requirements.

"Hoping that you will be able to effect a sale on some of these rings, we are,

"Yours very truly, Shuttles Bros. & Lewis."

G. D. Dickie testified that he was cashier of the Woodson State Bank during November and December, 1922; that the bank received the package or shipment of jewelry from appellee; that he received it through the registered mail; and that he mailed the jewelry back from Woodson, Tex., addressed to Shuttles Bros. & Lewis, and got a receipt for same, and insured it for $50. The facts show that Shuttles Bros. & Lewis never received the jewelry or diamonds. The facts further show that Woodson is an inland town, and has no express or railway office, and the only method of returning same would be by mail or in person. There is no issue made but that the diamonds were received through the registered mail and were delivered to the post office for return by Dickie, cashier of the bank, by parcel post mail. The court submitted the following special issue to the jury, which was answered in the affirmative:

Special Issue No. 1:

"Did the defendant Woodson State Bank exercise ordinary care in' depositing the package containing the diamonds in question in the United States mail at Woodson, Texas, as a parcel post package insured at a valuation of $50?"

[1] Under the facts in this case it clearly appears that the diamonds were returned in the same way and by the same means as invited to do by the appellee; the only difference being that one selected the registered mail and the other parcel post mail. It further appears that appellee selected the only means of returning same available, except if same had been returned in person. The findings of the jury, which the facts in the case sustain, was that the appellee used ordinary care in its conduct in the transaction. The appellee having done all it was required under the circumstances, and having done what it was invited to do by the appellant, the loss of the diamonds by the United States mail would not make the appellee liable for negligence, if any, after delivery to the United States mail, and under the circumstances in this case the loss would not be chargeable against the appellee.

In Whitehouse Bros. v. S. H. Abbott & Son, 228 S. W. 599, the Court of Civil Appeals at Dallas announced the law as follows:

"It cannot be held as a matter of law arising on the facts that the appellees were guilty of actionable negligence in the manner in which they attempted to return the goods. The appellees, as we have said, were bailees for the mutual benefit of the parties, and not merely for the benefit of themselves,· as argued by the appellants, and the degree of care imposed upon them as such .was ordinary care. They were not, in returning the goods, to make delivery to the appellants personally, nor does it appear that they chose to return the goods in a way other than instructed by the appellants, or by a different carrier from the one employed by the appellants. The contract of bailment at least impliedly authorized a delivery of the goods to a common carrier for transportation to the appellants, and, in the absence of a special agreement, the appellees are not liable for the loss of the goods merely because they used some other medium of transportation than the appellants used originally, in returning the goods to appellants. The trial court held that the appellees exercised the degree of care required of them in returning the goods—that is, such care as a reasonably prudent person would have exercised under the same or similar circumstances—and we are not authorized to disturb the holding."

In the case of R. C. Read & Co. v. Barnes, 252 S. W. 224, a case similar to the one under consideration, the Court of Civil Appeals at El Paso, Tex., held:

"That, in the absence of specific instructions in the matter of returning goods, a return by insured parcel post when the goods were not received through that medium was not negligence as a matter of law."

[2] While it is not necessary for the disposition of this case to consider the question as to whether the United States mails was an independent bailee, still the fact that, after the deposit in the mails, the appellee had no control over the possession or disposition of the package, would be strongly persuasive that it was an independent carrier or bailee, and therefore, if negligent, such would not be imputed to appellee. No duty rested upon appellee to account for the acts of the government employees after the property was deposited in the United States mail.

[3] The appellant insists that, the appellee having selected parcel post mail to return same, and same having been lost or never received by appellant, in order for appellee to absolve or excuse itself, it was necessary for appellee to show that the government employees were not negligent in handling and carrying said package. We do not understand that to be the rule.

In this case the carrier selected was one invited by appellant, and same was the only means for use by appellee, and, upon the findings of the jury that appellee used ordinary care in depositing the package in the mails containing the diamonds, the judgment of the trial court is correct, and is therefore affirmed.