## SKROBARCEK v. RABORN CHEVROLET CO.

### No. 8716.

Court of Civil Appeals of Texas. San Antonio. Jan. 20, 1932.

Rehearing Denied Feb. 17, 1932.

Lewis H. Jones, of Corpus Christi, for appellant.

Sidney P. Chandler, of Corpus Christi, for appellee.

### On Motion for Rehearing.

SMITH, J.

Raborn Chevrolet Company is engaged in selling used automobiles at its place of business in Corpus Christi. Alex Skrobarcek resides with his family one or two blocks distant from the company's place of business. Having in view the purchase of a car, Skrobarcek called at the company's place and secured its permission to take a 1928 Chevrolet coupé and try it out. He took the car to his home, and turned it over to his son, who is an automobile mechanic. The latter, with his mother as a passenger, drove the car to his father's farm, 66 miles distant from Corpus Christi; and on the way back home the car turned turtle and was wrecked. Raborn Chevrolet Company brought this suit against Alex Skrobarcek to recover the amount of damages sustained by it because of the wreck.

Upon jury findings, the company recovered damages in the sum of $227.50 against Skrobarcek, who has appealed.

At the time of the accident, appellant's son was driving the car at the rate of twenty-five miles an hour through the rain on a slippery paved road. At a turn in the road the driver applied the brakes in an effort to slow down, the rear wheels skidded, and the car turned over. This result is not difficult to conceive. It is a matter of perhaps common knowledge that the application of brakes to a car moving at that rate of speed around a corner on a slick pavement is a strong challenge to disaster.

The jury found, in effect, that the bailment was not restricted against the use of the car in the journey to and from appellant's farm; that appellant did not "exercise ordinary care in the use to which he permitted the car to be put" on that occasion.

When appellee, as the bailor, sought to hold appellant, as the bailee, liable for the injury to the car, he was required to show only the bailment and the injury to the car while in the possession of appellant in order to make a prima facie case against the latter. It was not primarily incumbent upon him to show negligence upon the part of the bailee. Upon such allegations and proof the burden rested upon the bailee to show that the injury did not result from his negligence. 5 Tex. Jur. § 29, p. 1039, et seq.

In this case appellant denied that he was guilty of any negligence in the use of the car while in his possession. The jury found against him on that issue, however, thereby depriving him of that defense, leaving him still in default, with the burden still resting upon him to clear himself of liability.

But appellant further defended upon the ground that the car was equipped with defective brakes when bailed to him by appellee and that the injury to the car was proximately caused by that condition. This defense, which was supported by material testimony, would have acquitted him of liability, if established by jury findings. But the court refused to submit the issue thereon to the jury, in the face of requests therefor by appellant. This was reversible error. The defense was well pleaded, and supported by evidence, and appellant was entitled to the benefits of it.

The judgment will be reversed, and the cause remanded, as in the original order, and this opinion will be substituted for the original.

Appellee's motion for rehearing will be overruled.