**CAROTHERS v. MOORE et ux.**

**No. 11663.**

Court of Civil Appeals of Texas. Galveston.

Nov. 16, 1944.

Rehearing Denied Dec. 14, 1944.

Durell Carothers, of Houston, for appellant.

Blades, Chiles, Moore, Kennerly & Knight, Reagan Cartwright, and Fred W. Moore, all of Houston, for appellees.

CODY, Justice.

This suit originated in a Justice Court of Harris County. From an adverse judgment plaintiffs appealed to the County Court at Law, and upon the de novo trial, plaintiffs were awarded judgment in the sum of $100.69, for damages to their automobile, and defendant has appealed.

Plaintiffs alleged a bailment of their automobile to defendant for hire, and: That defendant owned and operated a public parking lot for hire in the City of Houston, and that on May 14, 1943, plaintiff, Mrs. Moore, delivered her automobile on the parking lot to defendant's agent in charge thereof, who accepted the automobile for storage and safe keeping for hire. That the automobile was in good working condition when delivered into defendant's care and custody, but that when Mrs. Moore called for it about an hour later, it was in a badly damaged condition and would not run. That the damaged condition was not such as would happen in ordinary course, and was caused by the acts or failure to act on the part of defendant, his agents, etc., which constituted negligence and failure to exercise proper care.

Defendant traversed plaintiffs' petition, and specially answered that the damaged condition of the automobile complained of was not caused by negligence or mishandling on the part of defendant, and that the automobile when delivered would not move upon the ordinary procedure taken by defendant's agent, and that the agent did not abuse or in any way cause the mechanical failure of the automobile, etc.

The case was tried without a jury, and the court rendered judgment for plaintiffs against defendant in the sum of $100.69, reciting as a finding of fact in the judgment, that defendant had failed to show that his agents had used ordinary care in the handling and custody of plaintiffs' au-

tomobile, which was found to have been delivered in good condition and returned in a damaged condition due to negligence of defendant's employees. The judgment, however, awarded the costs against plaintiffs, but did not state any reason for so doing. Plaintiffs excepted to such award of costs.

Defendant seasonably requested of the court that conclusions of fact and law be filed, which request the court complied with on June 27, 1944.

The substance of the court's findings were: That defendant conducted a public parking lot for hire. That on May 14, 1943, Mrs. Moore left her automobile, which was then in good mechanical condition, with the agent in charge of the parking lot. That when she returned an hour later for her automobile, she was informed by defendant's agent it would not run. That the automobile had been so damaged by the negligence of defendant's agent in Mrs. Moore's absence, it would not run.

It appears that the clutch was sheered or broken, so that, though the engine ran, it could not deliver power to propel the automobile.

Defendant presents twelve points as grounds for reversing the judgment. They are to the effect that the evidence was insufficient as a matter of law to sustain the court's findings, and the judgment; and that such findings were against the great weight and preponderance of the evidence.

## Opinion.

We have carefully considered the evidence and deem it sufficient to sustain the judgment.

Mrs. Moore left her automobile with the agent in charge of defendant's parking lot under a contract of bailment. The rule in such cases is that, after the bailor makes the necessary allegations, the burden devolves upon the bailee to defend by showing that the property was not injured by his negligence. " 'The reason of the rule is apparent. The bailee has the sole possession and custody of the chattel bailed. He cannot return the article to the bailor in a damaged condition, or not return it at all, and by his silence defeat a recovery for the damage because of the bailor's inability to prove how the damage or loss happened.' " Huie v. Lay et al., Tex. Civ.App., 170 S.W.2d 823, 826. See also Rhodes v. McDonald, Chief Justice, et al., 141 Tex. 478, 172 S.W.2d 972; Rhodes v. Turner, Tex.Civ.App., 171 S.W.2d 208; Leonard Bros. v. Standifer, Tex.Civ.App., 65 S.W.2d 1112.

Mrs. Honey Woods was defendant's agent in charge, and she was defendant's witness on the trial. She was, however, no longer in defendant's employment at the time of the trial. Without detailing her evidence, it is sufficient to say it to have been sufficient, if credited by the court, to have sustained a judgment against plaintiffs. It is defendant's position that, since the witness was no longer in his employ, she occupied the status of a disinterested witness, and in the absence of direct evidence contradicting her testimony, the court was bound to accept her testimony as true. Citing Pyle v. Phillips, Tex.Civ. App., 164 S.W.2d 569, 571.

At common law only disinterested witnesses were competent to testify. R.C. S. Art. 3714 changes the common law, providing, so far as is here relevant: "No person shall be incompetent to testify * * * because he is a party to a suit or proceeding or interested in the issue tried." See Wigmore on Evidence, 575, et seq. There is no rule known to us that requires that the evidence of every witness competent to testify must be accepted by the jury, unless directly contradicted. Though, of course, no testimony can be arbitrarily disregarded, and an interested witness is under greater temptation to improve on the fact than a disinterested one.

We certainly do not understand that, merely because a witness is no longer in the employ of a party to a suit, such witness, as a matter of law, is disinterested. In the present instance, no contention is made that defendant himself even so much as knew anything about the facts of this case, except as they were reported to him. His liability is based on the doctrine of respondeat superior for the alleged negligence of the witness. Even on the basis of pecuniary interest it cannot be said that the status of such a witness is disinterested. For in theory of law every person is liable in damages for his negligence which proximately causes injury.

We are not to be understood as stating any opinion on the holding in the Pyle case, supra. The point at issue there was whether the evidence made out a case for the application of the doctrine of respondeat su-

perior, that is, whether the witness was engaged in his master's employment when his acts caused the damages. Here there is no issue whatever made but that defendant is liable for the acts of his agent if they were in fact negligent. No set of facts occurs to us which would justify holding that a witness is a disinterested one where the issue in the case is whether such witness's negligence proximately caused the damages sued for.

The award of costs against the plaintiffs in the trial court does not state "on the record" the reason for so doing. Rule 131, Texas Rules of Civil Procedure, provides that the successful party to a suit shall recover of his adversary all costs, except where otherwise provided. Rule 141 provides that the court may, for good cause, to be stated on the record, adjudge the costs otherwise. The judgment will have to be reformed so as to adjudge such costs against defendant.

As so reformed, the judgment is affirmed.

Reformed and affirmed.