BIG "D" AUTO AUCTION, INC., Appellant,

v.

Harley HIGHTOWER, Appellee.

No. 3801.

Court of Civil Appeals of Texas.

Eastland.

May 17, 1963.

J. Alex Blakeley, Dallas, for appellant.

Eades & Eades, Dallas, for appellee.

GRISSOM, Chief Justice.

Harley Hightower sued Big "D" Auto Auction, Inc. for damages to his automobile while it was in the possession of the auction company for sale. Judgment was rendered for Hightower. The auction company has appealed.

■ It was undisputed that Hightower's Cadillac was delivered to the auction company in good condition and damaged while in the possession of said bailee. Appellant bailee contends the court erred in overruling its exception to the bailor's pleading because Hightower failed to allege specific acts of negligence of the bailee, or facts sufficient to apprise defendant of the proof required to meet plaintiff's allegation of negligence. Plaintiff alleged a bailment of his automobile to defendant for hire and that while it was in the sole custody and under the control of the defendant bailee, it was damaged by reason of the negligence of the defendant. A bailor makes out a prima facie or presumptive case of negligence against a bailee by proving the bailment and that he delivered his property to the bailee in good condition and that it was damaged while in the possession of the bailee. Said facts establish prima facie the negligence of the defendant bailee. Trammell v. Whitlock, 150 Tex. 500, 242 S.W.2d 157, 159. Under such a situation, to avoid a right to an instructed verdict for the bailor, it is incumbent upon the bailee to produce evidence that the damage was not caused by its negligence. The bailor could not allege specific act of negligence of the defendant. He could not know what caused the damage to his property while it was in the custody of the bailee. It would be unreasonable to require the bailor to allege specific acts of negligence of the bailee when he is not required to prove specific acts of negligence to make out a case. The court did not err in overruling appellant's exceptions to appellee's petition. Mecom v. Vinton, Tex.Civ.App., 191 S.W. 763, 764; Huie v. Lay, Tex.Civ.App., 170 S.W.2d 823, 826.

■ Appellant contends the court erred in holding there was evidence of negligence of the defendant which proximately caused the damage to appellee's automobile; erred in holding that appellee met the required burden of proof that a proximate cause of the injury was the negligence of the defendant because appellant introduced evidence that negligence of a third party was a proximate cause of the damage to appellee's automobile and the bailee auction company was entitled to judgment in the absence of evidence of specific acts of negligence of the bailee. There was evidence that Mrs. Tune drove her automobile on appellant's lot to sell it and stopped where she had theretofore been instructed by appellant to stop it; that the automobiles on said lot for sale were ordinarily lined up and numbered by appellant; that appellee's Cadillac was not so parked by the auction company but was parked so that if Mrs. Tune's automobile continued forward, unless it hit the left front thereof, it would strike Hightower's Cadillac broadside; that when Mrs. Tune stopped her Buick and alighted therefrom her car rolled down the incline on appellant's lot towards Hightower's car; that she attempted to stop her car but it knocked her down and continued rolling towards appellee's Cadillac and, finally, struck and damaged it.

We think the court had the right to conclude from the evidence that the injury to Hightower's car was caused by appellant's negligence. See Callihan v. Montrief, Tex. Civ.App., 71 S.W.2d 564, 570, (W.R.); Carothers v. Moore, Tex.Civ.App., 183 S.W. 2d 987; Skrobarcek v. Raborn Chevrolet Co., Tex.Civ.App., 45 S.W.2d 1110.

All of appellant's points have been considered. They are overruled. The judgment is affirmed.