**HOUSTON AVIATION PRODUCTS CO.,**
Appellant,

v.

**GULF PORTS CRATING CO., Appellee.**

No. 15116.

Court of Civil Appeals of Texas.

Houston.

Dec. 28, 1967.

Rehearing Denied Jan. 18, 1968.

Engel & Groom, Van E. Wittner, Jr., Houston, for appellant.

Moore & Putnam, Houston, Gene E. Putnam, Houston, of counsel, for appellee.

COLEMAN, Justice.

This is a suit for damages to airplane elevators owned by appellant which appellee had crated for export. At the conclusion of appellant's evidence, the trial court withdrew the case from the jury and directed a verdict for appellee.

Appellant presented evidence that the elevators were delivered to appellee for crating for export in good condition. Appellee, a company engaged in the business of crating goods and merchandise for shipment, finished its work and, at the instruction of appellant, delivered the merchandise to Strickland Transportation Co., Inc., for shipment to New York. Thereafter it was transported by ship to Oslo, Norway, where it was delivered to Scandinavian Airlines System. The Airline reported to appellant that the merchandise was damaged. Appellant sent an agent to inspect it. He found that the metal skin of the elevators was scratched and punctured. He also found that a wooden stringer had been attached to the bottom of the box, in which the elevators were packed, by nails which were sticking out into the inside of the box. There was testimony that the damage was caused by the nails. There was no testimony that the stringer was nailed to the box by employees of appellee. There was no testimony that the damage occurred while the merchandise was in the possession or custody of appellee.

It is appellant's contention that appellee is liable for the damage under the law of bailment. There is no pleading of negligence.

On an appeal from an instructed verdict, the evidence must be viewed in the light most favorable to the appellant. The court will indulge against the instruction every inference that may be drawn from the evidence, and if the record reflects any evidence of probative force, either direct or circumstantial, which if believed by the jury would establish a prima facie case, the instructed verdict is improper. Triangle Motors of Dallas v. Richmond, 152 Tex. 354, 258 S.W.2d 60 (1953); Air Conditioning v. Harrison-Wilson-Pearson, 151 Tex. 635, 253 S.W.2d 422 (1952).

A bailor makes out a prima facie case of negligence against a bailee by proving the bailment, delivery of the property to the bailee in good condition, and damage to the property while in the possession of the bailee. Big "D" Auto Auction, Inc. v. Hightower, 368 S.W.2d 881 (Tex.Civ.App., Eastland 1963, n. w. h.); 8 C.J.S. Bailments § 50, p. 514.

Since the contract for bailment terminated on delivery to the carrier, there is no evidence of probative force that the merchandise was injured while in the possession of appellee. The fact that a stringer was nailed to the box is no evidence that it was nailed by appellee as distinguished from the trucking company or the shipping company, each of which was an independent bailee. Republic Nat. Life Ins. Co. v. Bullard, 399 S.W.2d 376 (Tex.Civ.App., Houston 1966, ref., n. r. e.). Appellee is not responsible for the negligence of other bailees. Shuttles Bros. & Lewis v. Woodson State Bank, 277 S.W. 708 (Tex.Civ. App., Eastland 1925, error ref.). "Where there is a succession of bailees, there is a presumption that damage to the bailed goods occurred while the goods were in the

possession of the last bailee, in the absence of evidence to the contrary." 8 C.J.S. Bailments § 50, p. 528.

Since appellant failed to offer evidence of probative force that the merchandise was damaged by appellee, or while in the possession of appellee, no presumption of negligence on the part of appellee arose. Henry Grady Hotel Corporation v. Grady Motors, 96 Ga.App. 416, 100 S.E.2d 125 (1957).

The judgment of the Trial Court is affirmed.

PEDEN, J., not participating.