**Kenneth HASTINGS, Appellant,**

v.

**Kenneth THWEATT, Appellee.**

No. 11578.

Court of Civil Appeals of Texas.

Austin.

Feb. 21, 1968.

**662**

Camp, Ellett & Camp, Cameron, Carroll W. Glaser, Rockdale, for appellant.

Don G. Humble, Ed P. Magre, Cameron, for appellee.

PHILLIPS, Chief Justice.

Appellee, as plaintiff below, brought suit against Appellant to recover damages to Appellee's airplane incurred while Appellant was taxiing down the runway after landing. In his petition Appellee alleged, among other things that Appellant "borrowed plaintiff's airplane for the purpose of 'trying it out' in order to determine whether or not he, the defendant, desired to buy the airplane." Trial was before the court and judgment was rendered in favor of Appellee. Appellant has duly perfected his appeal to this Court.

We affirm.

Appellant is before us on one point of error, namely, the error of the court in overruling his motion for judgment because the Appellee did not introduce or prove any evidence to show negligence on the part of the Appellant.

We overrule this point.

The damage to this airplane occurred when Appellant, after landing on the airstrip, the same airstrip that he had taken off from moments before, was taxiing the airplane down the runway when it veered off to the left, went off the runway proper onto its shoulder and struck a pile of dirt. This caused the airplane to "flip over" onto its back.

Appellee alleged specific acts of negligence on the part of the Appellant in the operation of the aircraft, specifically plead the doctrine of *Res Ipsa Loquitur*, and also relied on the theory of bailment.

Appellant raised the defense of contributory negligence however, the court sitting also as the trier of the facts held against Appellant in this respect. We hold that the bailment was for the mutual benefit of both parties and that the Appellant was a bailee of the airplane and, as such, was liable for the damage. Carothers v. Moore, 183 S.W.2d 987, (Tex.Civ.App. Galveston 1944, no writ).

In Bill Bell, Inc. v. D. C. Ramsey, 284 S.W.2d 244, (Tex.Civ.App. Waco 1955, no writ), the elements of bailment were stated to be the delivery of personal property from one person to another in trust for a specific purpose and acceptance of the delivery, an express or implied contract that the trust will be carried out and the property returned to the bailor.

Thus Appellee made out a case of bailment and the judgment should be affirmed, Skrobarecek v. Raborn Chevrolet Company, 45 S.W.2d 1110, (Tex.Civ.App. San Antonio 1932, no writ).

The judgment of the trial court is affirmed.