BLEDSOE V. KUCZEK

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-02-255-CV

BARRY BLEDSOE APPELLANT

V.

KAREN KUCZEK APPELLEE

------------

FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

This appeal concerns a lost Rolex watch.  Appellant Barry Bledsoe raises four points on appeal, and appellee Karen Kuczek has filed a motion for sanctions asserting that this appeal is frivolous.  We will affirm the trial court’s judgment and deny the motion for sanctions.

FACTUAL BACKGROUND

Kuczek and her husband Jody met Bledsoe at Lake Arlington so they could test drive a Sea Doo jet ski Bledsoe was offering for sale.  Jody test drove the Sea Doo first, then came to the dock and asked Kuczek to join him.  Before she got on the Sea Doo, Bledsoe suggested that she remove her Rolex watch.  She did so and gave it to him for safekeeping, along with her sunglasses and T-shirt.  While Kuczek and Jody were riding the Sea Doo, Bledsoe laid the items on the dock while he helped someone nearby with their boat.  According to Kuczek, when the Kuczeks came back, Bledsoe returned the sunglasses and T-shirt to Kuczek.  Bledsoe then left to get the Suburban and trailer to load the Sea Doo.  After Bledsoe returned, Bledsoe asked Kuczek if he had returned the watch to her.  Bledsoe claimed that he wrapped the watch, T-shirt, and sunglasses in Kuczek’s beach towel and returned the bundle to Kuczek when she returned from riding the Sea Doo.  After Bledsoe returned from getting the Suburban and trailer, Kuczek told Bledsoe that the watch was not there.  All three then began looking for the watch, but never found it. Kuczek never regained possession of her watch.  

Kuczek sued Bledsoe for loss of the watch.  The trial court granted a directed verdict on Kuczek’s conversion and gross negligence causes of action, but not on her negligence claim.  A jury found Bledsoe and Kuczek each 50% negligent for the loss of the watch, and the trial court entered judgment awarding Kuczek damages in the amount of half the watch’s value. 

DISCUSSION

In his first point, Bledsoe contends that the trial court erred in denying his motion for directed verdict, motion for judgment notwithstanding the verdict, and motion for new trial because he asserts there was no evidence of negligence.  The gist of his argument is that Kuczek did not plead a bailment cause of action and she cannot prevail on her negligence cause of action because there is no evidence he owed her any legal duty.  In response, Kuczek claims to have pleaded and proved all of the elements of a bailment.

In common law, a bailment exists where: (1) the delivery of personal property by one person to another is made in trust for a specific purpose; (2) acceptance of delivery is made; (3) there is an express or implied contract that the trust will be carried out; and (4) an understanding exists under the terms of the contract that the property will be returned to the transferor or dealt with as the transferor directs.  
Int’l Freight Forwarding, Inc. v. Am. Flange, 
993 S.W.2d 262, 267 (Tex. App.—San Antonio 1999, no pet.).  A bailment contract can arise by implication of law if, through proof of sufficient circumstances, the implied relationship of bailor and bailee is shown to rest upon a substantive foundation.  
Id. 
at 268; 
Soto v. Sea-Road Int’l, Inc., 
942 S.W.2d 67, 72 (Tex. App.—Corpus Christi 1997, pet. denied).         

Generally, bailment relationships are governed by common law principles of negligence.  
Bank One, Tex., N.A. v. Stewart, 
967 S.W.2d 419, 432 (Tex. App.—Houston [14
th
 Dist.] 1998, pet. denied).  A duty of ordinary care normally arises out of a bailor-bailee relationship and when the bailment is for the mutual benefit of the parties,
(footnote: 2) the bailee is liable for his ordinary negligence.  
Jack Boles Servs., Inc. v. Stavely, 
906 S.W.2d 185, 188 (Tex. App.—Austin 1995, writ denied)
; Berlow, 
629 S.W.2d at 821; 
Hastings v. Thweatt, 
425 S.W.2d 661, 662 (Tex. Civ. App.—Austin 1968, no writ).

A bailor, suing a bailee for value of property lost while in the bailee’s hands, need only allege and prove delivery of the property to the bailee and the bailee’s failure or refusal to return the property.  
Huie v. Lay, 
170 S.W.2d 823, 826 (Tex. Civ. App.—Amarillo 1943, no writ).  In her pleading, Kuczek expressly asserted negligence, gross negligence, and conversion causes of action.  She did not expressly state a bailment claim; however, she did assert that she 
entrusted her watch to Bledsoe for safekeeping while she and Jody test drove the Sea Doo Bledsoe was trying to sell, and that Bledsoe accepted the watch from Kuczek and failed to return it.  Thus, Kuczek raised a bailment claim in her pleading and the issue was tried by consent.    

Because the evidence established a bailor-bailee relationship between Bledsoe and Kuczek,  Bledsoe owed Kuczek the duty of ordinary care to return Kuczek’s watch to her.  Having reviewed the evidence under the appropriate standard of review,
(footnote: 3) we hold that the evidence was legally sufficient to support the jury’s negligence findings.  We overrule point one. 

In his second point, Bledsoe contends that the trial court made an improper comment that unfairly influenced the jury in Kuczek’s favor.  Before  a bench conference outside the jury’s presence, the trial court said “Remember the O.J. Simpson trial?  This is the same thing.”  Bledsoe’s attorney did not object to the comment or ask the trial court to withdraw the comment or instruct the jury to disregard it.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a); 
see also
 
Tex. R. Evid.
 103(a)(1).  If a party fails to do this, error is not preserved, and the complaint is waived.  
Bushell v. Dean
, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh’g). 

Because Bledsoe’s attorney did not object to the judge’s comment, he has waived the right to complain about it on appeal.  
Clifco, Inc. v. State, 
450 S.W.2d 157, 160 (Tex. Civ. App.—Fort Worth 1970, writ ref’d n.r.e.) (holding any error in trial court’s remarks before jury were waived where no objection was made and no motion was made for appropriate withdrawal or instructions to the jury).  We overrule point two.

In his third point, Bledsoe contends that the trial court erred in awarding prejudgment interest that included interest accumulated during a time period when a continuance was granted at Kuczek’s request.  A trial court may order that prejudgment interest does not accrue during periods of delay in the trial.  
Tex. Fin. Code Ann.
 § 304.108(a) (Vernon Supp. 2003).  When determining whether prejudgment interest will accrue during periods of delay, the trial court shall consider periods of delay caused by the defendant and periods of delay caused by a claimant.  
Id. 
§ 304.108(b).  The award of prejudgment interest during periods of delay is generally left to the discretion of the trial court and will not be disturbed on appeal unless the trial court has abused its discretion.  
Helena Chem. Co. v. Wilkins, 
18 S.W.3d 744, 760 (Tex. App.—San Antonio), 
aff’d, 
47 S.W.3d 486 (Tex. 2000). 

According to the clerk’s record, this case was originally set for trial on April 11, 2000.  Kuczek sought a ninety-day continuance because she was scheduled for surgery, and the trial court granted a continuance, setting the case for trial on August 28, 2000.  The clerk’s record contains orders subsequently setting the case for trial on June 25, 2001, July 9, 2001, November 12, 2001, and November 15, 2001.  In each order, the case is designated as the number one case for that trial setting.  With the exception of Kuczek’s motion for continuance, there is nothing in the record explaining why the trial date was subsequently reset four times.  Without such information, we cannot determine whether the trial court abused its discretion by including the delay that resulted from granting Kuczek’s motion for continuance in the prejudgment interest calculation.  Therefore, we overrule point three.

In his fourth point, Bledsoe asserts that the trial court erred by refusing to instruct the jury that it could not consider sentimental or intrinsic value in determining the amount of damages.  The trial court excluded evidence that the watch was a gift from Kuczek’s deceased first husband and thus had great sentimental value to her.  Kuczek testified that, based on her conversation with an authorized Rolex dealer, the value of the watch was between $5,500 and $6,000.  The only mention of the watch’s intrinsic value was made by Bledsoe’s attorney, who asked Bledsoe “did she say anything like ‘this is a treasured Rolex watch with a diamond bezel on it?’”  The trial court immediately instructed the parties not to delve further into evidence concerning the watch’s intrinsic or sentimental value.  The trial court refused Bledsoe’s requested instruction to the jury that it “was not to award any sum of money for the watch’s sentimental value or intrensic [sic] value.”  The jury awarded damages of $4,700, less than the amount Kuczek claimed the watch was worth.

The trial court is required to submit such instructions and definitions as shall be proper to enable the jury to render a verdict.  
Tex. R. Civ. P. 
 277.  The trial court has wide discretion to determine the necessity and propriety of explanatory instructions and definitions.  
H.E. Butt Grocery Co. v. Bilotto, 
985 S.W.2d 22, 23 (Tex. 1998).  The court may refuse to give a requested instruction that is not necessary to enable the jury to render a verdict, even if the instruction is a correct statement of the law.  
White v. Liberty Eylau Indep. Sch. Dist., 
920 S.W.2d 809, 812 (Tex. App.—Texarkana 1996, writ denied).

Because there was no evidence admitted to the jury that the watch had intrinsic or sentimental value, an instruction to the jury not to award any damages for intrinsic or sentimental value was not necessary to enable the jury to render a verdict.  Therefore, the trial court did not abuse its discretion by refusing the requested instruction.  We overrule point four.

Kuczek asserts in a motion for sanctions that this appeal is frivolous because she claims there are no reasonable grounds presented for reversal and the appeal was taken solely for delay.  She claims appellant admitted at trial that he had a duty to keep the watch safe and to return it to her and argues that he did not preserve error on his other three points on appeal. 

 This Court may assess damages against appellant for bringing a frivolous appeal.  
Tex. R. App. P. 
45.  An award of damages under rule 45 will be imposed only if the record clearly shows the appellant has no reasonable expectation of reversal, and the appellant has not pursued the appeal in good faith.  
Campos v. Inv. Mgmt. Props., Inc., 
917 S.W.2d 351, 356 (Tex. App.—San Antonio 1996, writ denied); 
Finch v. Finch
, 825 S.W.2d 218, 226 (Tex. App.—Houston [1
st
 Dist.] 1992, no writ).  To justify sanctions, we must determine that the appeal was taken for delay only and without sufficient cause.
  Jones v. Colley
, 820 S.W.2d 863, 867 (Tex. App.—Texarkana 1991, writ denied); 
Eustice v. Grandy's
, 827 S.W.2d 12, 15 (Tex. App.—Dallas 1992, no writ).  In making these findings, this court must review the case from appellant’s point of view at the time the appeal was taken and decide whether he had any reasonable grounds to believe the case would be reversed.  
Smith v. Brown, 
51 S.W.3d 376, 381(Tex. App.—Houston [1
st
 Dist.] 2001, pet. denied); 
Duran v. Resdoor Co., 
977 S.W.2d 690, 693 (Tex. App.—Fort Worth 1998, pet. denied). 

Having reviewed the appeal from appellant’s standpoint, we cannot say that he did not have a reasonable expectation of reversal.  Therefore, we deny the motion for sanctions. 

CONCLUSION

Having overruled all of Bledsoe’s points, we affirm the trial court’s judgment.  We also deny Kuczek’s motion for sanctions. 

ANNE GARDNER

JUSTICE

PANEL B: HOLMAN, GARDNER, and WALKER, JJ.

DELIVERED :  June 26, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
A bailment is for the mutual benefit of the parties, even though nothing is paid directly by the bailor, where property of the bailor is delivered to and accepted by the bailee as an incident to a business in which the bailee makes a profit.  
Berlow v. Sheraton Dallas Corp., 
629 S.W.2d 818, 821 (Tex. App.—Dallas 1982, writ ref’d n.r.e.).  

3:
In determining a “no-evidence” point, we are to consider only the evidence and inferences that tend to support the finding and disregard all evidence and inferences to the contrary.  
Bradford v. Vento, 
48 S.W.3d 749, 754 (Tex. 2001);
 Cont’l Coffee Prods. Co. v. Cazarez, 
937 S.W.2d 444, 450 (Tex. 1996);
 In re King's Estate
, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).  Anything more than a scintilla of evidence is legally sufficient to support the finding.  
Cazarez,
 937 S.W.2d at 450;
 Leitch v. Hornsby
, 935 S.W.2d 114, 118 (Tex. 1996).